THE GEORGE D. HARTER BANK, EXECUTOR OF THE LAST WILL OF H. H. INK, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53525. Promulgated March 16, 1933.

*Albert B. Arbaugh, Esq.*, for the petitioner.
*Maxwell M. Mahany, Esq.*, for the respondent.

OPINION.

BLACK: The respondent determined a deficiency against the petitioner for income tax for the year 1928 in the sum of $3,266.96, only a part of which is in controversy. As to that part of the deficiency which is in controversy, petitioner alleges that the respondent erred by refusing a deduction of $24,000 distributed to Mary Ink, widow of decedent, H. H. Ink, from the income of the estate of decedent for the year 1928, and including said sum in petitioner's income for that year. The payments in question were on account of an annuity provision in the will of H. H. Ink, deceased, which the widow elected to accept in lieu of her dower and other rights under the laws of the State of Ohio.

The facts were stipulated as follows:

The petitioner herein is executor and trustee of the Estate of Harry H. Ink, who died testate February 20, 1926, while a resident of Canton, Ohio. The will, dated December 3, 1925, in addition to certain other provisions not here material, provided in part as follows:

" I hereby will and bequeath unto my wife, Mary Ink, the sum of Twenty-four Thousand Dollars ($24,000.00) per year payable in monthly payments of Two Thousand Dollars ($2,000.00) each, said annuity to be received by her in full of her dower, distributive share, year's support, and any and all other claims or demands whatsoever that she may or might have against my estate, and I hereby make said annuity a specific charge against my theatre property hereinafter referred to."

Provision was made for the disposition of the theatre building following the death of the deceased's widow, as well as for the remaining property compris-

ing the estate of the deceased. By writing, signed, acknowledged, delivered to the executors of the decedent, and duly filed and recorded as required by the statutes of Ohio, Mary Ink, the widow, elected to take under the will in lieu of the interest allowed her in decedent's estate by the law of Ohio.

During the year 1928 the petitioner received from the theatre property as net rental and income amounts in excess of $24,000.00, and pursuant to the terms of the will paid over or distributed to the widow during the year monthly payments aggregating $24,000.00. The sums so distributed, when added to payments of prior years, did not aggregate the sum equal to that which would have been apportionable to her as of the date of deceased's death under the Ohio statutory provisions, had she not elected to take under the will.

In filing its return for the year 1928 the petitioner, when computing taxable net income, deducted from gross income the $24,000.00 distributed to the widow in the same manner as it deducted amounts distributed to certain beneficiaries under the testamentary trust.

In Addition to certain other adjustments not appealed from, The Commissioner, when arriving at petitioner's taxable net income and the deficiency herein involved, disallowed as a deduction the $24,000.00 paid by the petitioner to the widow during the year 1928.

It is contended by petitioner that it was entitled as a fiduciary to deductions for the payments made to the widow of the testator under section 162 (b) and (c), Revenue Act of 1928, which is copied in the margin.[1]

The question of the allowance of deductions for payment of annuities to a widow in lieu of her dower and the distributive rights has been before us in a number of recent cases and we have held that such payments were not deductible by the estate, nor taxable to the widow until they exceeded the value of her dower and distributive rights at the time she elected to take under the will. *Julia Butterworth et al., Trustees*, 23 B. T. A. 838; *Frank Pardee*, 23 B. T. A. 846; *Estate of T. S. Martin*, 24 B. T. A. 862; *William L. Dubois*, 25 B. T. A. 1359; *Anthracite Trust Co. et al., Trustees*, 26 B. T. A. 89; *Mary W. B. Curtis*, 26 B. T. A. 1103. *Atkins* v. *Commissioner*, 63 Fed. (2d) 88.

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

These cases were thoroughly considered and are controlling here. Petitioner recognizes the rule announced in those cases, but contends that it does not apply in the instant case for the reason that the testator here and his widow were residents of the State of Ohio, and that the property involved was situated in said state, and under the laws of that state, when a widow elects to take under the will of her deceased husband and surrenders her dower and other rights, she does not occupy the position of a purchaser for value, but is considered as any other devisee and legatee under a will. It is further argued that in *Julia Butterworth et al., Trustees, supra*, and other cases cited, this Board followed the decisions of state courts in which petitioners resided, and particularly the courts of Pennsylvania, and that in the instant case it should follow the decisions of the courts of Ohio, which are different.

The Ohio case relied upon by petitioner is *Allen* v. *Tressenrider*, 72 Ohio St. 77; 73 N. E. 1015. In that case a widow elected to take under a will and surrender her dower and other rights under Ohio laws. It developed that the estate was in debt and that the provisions which the testator had made in his will for the payment of his debts were inadequate and that the devisees and legatees under the will would have to be called upon to contribute as provided by sections 5973 and 5974 of the Ohio statutes. These statutes read:

SEC. 5973. Where any estate, real or personal, that is devised shall be taken from the devisee for the payment of the debts of the testator, all the other devisees and legatees shall contribute their respective proportions of the loss to the person from whom the estate is taken, so as to make the loss fall equally on all the devisees and legatees, according to the value of the property received by each of them, excepting as provided in the following section.

SEC. 5974. If, in such case, the testator shall, by making a specific devise or bequest, have virtually exempted any devisee or legatee from his liability to contribute, with the others, for the payment of the debts, or if he shall, by any other provision in the will, have prescribed any appropriation of his estate, for the payment of his debts, different from that prescribed in the preceding section, the estate shall be appropriated and applied in conformity with the provisions of the will.

The question involved was whether the widow was a devisee or legatee within the meaning of the above quoted sections of the statute and could be required to contribute. The court held that she was " a devisee or legatee " within the meaning of said sections and could be compelled to contribute. However, we do not feel that the rule announced by the Ohio Supreme Court in that case, in construing the sections of the Ohio Statutes which were before it, would have any effect to change the rule of Federal taxation which we announced in *Julia Butterworth, et al., Trustees, supra*, and other cases following it.

The situation in that respect does not seem materially different from that which the court had before it in *Burnet* v. *Harmel*, 56 Fed.

(2d) 153. In that case the Circuit Court of Appeals for the Fifth Circuit held that because the Texas courts had held that bonus payments received for an oil and gas lease were payments received by the lessor as part of the consideration for a sale of oil and gas in place, the sale was of capital assets and that the capital gains provision of the Revenue Act of 1924 was applicable.

The Supreme Court, however, in *Burnet* v. *Harmel*, 287 U. S. 103, held the lower court was in error and that notwithstanding the provisions of Texas law to the effect that an oil lease is a sale of oil in place, nevertheless the capital gains provisions of the Revenue Act of 1924 had the same application to bonus payments received from the sale of an oil lease in Texas as in other states where an entirely different rule prevails. In deciding the pivotal point in the case the Supreme Court said:

Here we are concerned only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation. See *Weiss* v. *Weiner*, 279 U. S. 333; *Burke-Waggoner Oil Ass'n.* v. *Hopkins*, 269 U. S. 110; *United States* v. *Childs*, 266 U. S. 304. State law may control only when the federal taxing act, by express language or necessary implication, make its own operation dependent upon state law.

See also *Bankers Pocahontas Coal Co.* v. *Burnet*, 287 U. S. 308, and *Strother* v. *Burnet*, 287 U. S. 314.

The pivotal point in the instant case is: What deductions is petitioner as a fiduciary entitled to take from its gross income? There can be no question whatever but that petitioner, under the provisions of section 162, would have to include in its gross income all of the rentals from the theatre building, including the $24,000 paid over to Mrs. Ink under the provisions of the will. Petitioner is entitled to deduct the $24,000 from its gross income if it is a payment which comes within the provisions of (b) or (c) of the section, already quoted in the margin.

In *Julia Butterworth et al., Trustees, supra,* we held that these provisions, in so far as they affect payments of the kind we have in the instant case, provided for deduction solely of amounts paid as income to the objects of the testator's bounty. We held that the provisions did not apply to payments, even though out of income, which were made to a widow in consideration of her relinquishment of her dower and other rights under the statute. On that point we said:

Section 219 of the Revenue Act of 1924, quoted above, deals with income. It taxes trust income primarily to the trustee, but it allows the trustee to deduct the "income * * * which is to be distributed currently by the

fiduciary to the beneficiaries." This provision in our opinion relates solely to amounts paid as income to the objects of the testator's bounty. It does not apply to other payments by the trustee, as in this case where the trustee was completing the offer made to the widow for the purchase of her share in the estate; the trustee in such case was merely carrying out the " convention or contract " (*Isenhart* v. *Brown, supra*) between the testator and his widow. The widow in such a case is in no sense a beneficiary, but, as held by the authorities above quoted, she is a "purchaser for value." The statute taxes to a beneficiary only "income paid as such " (*Burnet* v. *Whitehouse, supra*) and in our opinion contemplates the deduction by the trustee only of income paid as such to a pure beneficiary as, for example, in the *Gavit* and *Beatty* cases, *supra*.

Petitioners call our attention to the rule that in case of doubt, taxing statutes are to be construed against the Government and in favor of the citizen. In view of the authorities quoted as to the status of the widow who takes a bequest in lieu of dower, we think there is no doubt that the amounts paid to her in this case are not "income * * *, distributed * * * to the beneficiaries" and there is no room for application of the rule urged.

Thus it will be seen that the basic point on which the *Butterworth* case was decided was that annuity payments made to a widow in consideration of the surrender of her dower rights and other rights under the state statute were not payments made to her as the object of the testator's bounty, but were payments made in the nature of a purchase and therefore not deductible.

Notwithstanding the Ohio case, *Allen* v. *Tressenrider, supra*, cited by petitioner, the same basic situation exists in the instant case as existed in the *Butterworth* case. Here the bequest to Mary Ink, wife of the testator, of an annuity of $24,000 was expressly made on the condition that it was " to be received by her in full of her dower, distributive share, year's support, and any and all other claims or demands whatsoever that she may or might have against my estate."

Thus it seems clear that the same rule we applied in *Julia Butterworth et al., Trustees, supra*, must apply here and it is so ordered.

*Decision will be entered for respondent.*