GEORGE D. HARTER BANK, EXECUTOR OF THE LAST WILL OF H. H. INK, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53525. Promulgated January 25, 1934.

*Albert B. Arbaugh, Esq.*, for the petitioner.
*Maxwell M. Mahany, Esq.*, for the respondent.

## OPINION.

BLACK: On March 16, 1933, division report in this proceeding was promulgated (27 B.T.A. 941), in which the Board held against petitioner, following *Julia Butterworth*, 23 B.T.A. 838; *Frank Pardee et al., Trustees*, 23 B.T.A. 846. On March 18, 1933, decision was entered that there is a deficiency of $3,266.96 for the year 1928. On March 24, 1933, petitioner filed a motion for rehearing. On April 11, 1933, the Board entered an order reading in part as follows:

In view of the conflict between the decisions cited by the petitioner in his motion for rehearing and the decision of the United States Circuit Court of Appeals for the First Circuit, in *Atkins* v. *Commissioner*, decided January 31, 1933, it is believed that the Supreme Court of the United States will grant writs of certiorari so as to review the conflict between said decisions and will decide the question involved.

Therefore, the decision entered in this proceeding March 18, 1933, to the effect that there is a deficiency of $3,266.96 for the year 1928 is vacated and set aside. Petitioner's motion for rehearing will be entertained and held for decision a reasonable length of time, waiting for a decision of the Supreme Court of the United States on the question involved.

On December 11, 1933, the Supreme Court of the United States rendered its opinion in *Helvering* v. *Pardee*, 290 U.S. 365, wherein it held that the will provided for the payment to the widow of an annuity at all events and not necessarily from income. Having elected to take under the will, she elected to take as an ordinary legatee and payments to her were not deductible from the income of the estate, on authority of *Burnet* v. *Whitehouse*, 283 U.S. 148.

In the instant case the will of decedent contained the following provision:

I hereby will and bequeath unto my wife, Mary Ink, the sum of Twenty-four Thousand Dollars ($24,000.00) per year payable in monthly payments of Two Thousand Dollars ($2,000.00) each, said annuity to be received by her in full of her dower, distributive share, year's support, and any and all other claims or demands whatsoever that she may or might have against my estate, and I hereby make said annuity a specific charge against my theatre property hereinafter referred to.

The facts also show that by writing, signed, acknowledged, delivered to the executors of the decedent, and duly filed and recorded as required by the statutes of Ohio, Mary Ink, the widow, elected to take under the will in lieu of the interest allowed her in decedent's estate by the laws of Ohio.

During the year 1928 the petitioner received from the theatre property as net rental and income amounts in excess of $24,000, and pursuant to the terms of the will paid over or distributed to the widow during the year monthly payments aggregating $24,000. The sums so distributed, when added to payments of prior years, did not aggregate the amount which would have been apportionable to

her as of the date of decedent's death under the Ohio statutory provisions had she not elected to take under the will.

From the foregoing recital of facts it appears clear that the situation in the instant case comes squarely within the rule laid down by the Supreme Court in the *Pardee* case. Accordingly petitioner's motion for rehearing is denied and the decision heretofore entered that there is a deficiency of $3,266.96 for the year 1928, which was subsequently vacated, will be reentered.

*Decision will be entered for respondent.*