THE BRIDGEPORT-CITY TRUST COMPANY, SURVIVING TRUSTEE OF THE ESTATE OF I. DEVER WARNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 44072, 48318.    Promulgated August 9, 1935.

*Arthur M. Marsh, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

Leech: The question in this case is whether the petitioner, surviving trustee of the testamentary trust established by the will of I. DeVer Warner, is entitled to deduct that portion of the income of the trust which was distributed to Eva Follett Warner, widow of testator, under the provisions of the will.

The provisions of the Revenue Acts of 1924 and 1926 here applicable are contained in section 219 and are identical. They are quoted in the margin.[1]

---

[1] SEC. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \*

\* \* \* \* \* \* \*

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

\* \* \* \* \* \* \*

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. \* \* \*

Petitioner contends that under the will here involved the gift to the widow by item fifth of the will was a gift of income to be derived from a particular fund, which fund was earmarked for that purpose, composed of securities named by the will and codicils, and that the provision in item ninth is a separate, secondary, and subordinate gift and a bequest of capital intended to be effective only in case the income from the fund in any year is less than $50,000. *Irwin* v. *Gavit*, 268 U. S. 161; *Heiner* v. *Beatty*, 17 Fed. (2d) 743; affd., 276 U. S. 598, on authority of *Irwin* v. *Gavit;* and *Helvering* v. *Butterworth*, 290 U. S. 365, are cited as most closely resembling this case and as supporting petitioner's contention.

Respondent contends that under the terms of the trust established by the testator for the widow, the latter was an ordinary legatee since the payment of $50,000 per annum to her was to be made at all events and was not dependent upon income, citing *Helvering* v. *Pardee*, 290 U. S. 370.

We agree with respondent. The disposition of our single inquiry is obviously controlled by the intent of the testator. This is to be ascertained here, not from item fifth, item ninth, or any other separate provision of the decedent's will, but from that will construed as one entirety. *Travers* v. *Reinhardt*, 205 U. S. 423; *Hardenbergh* v. *Ray*, 161 U. S. 112. Items of the will, other than the fifth and ninth, provide a home for decedent's widow, ample provision for his children, by the bequest to them of the residue of his large estate, and, in addition thereto, bequeath, share and share alike, the income, *as such*, if the trust estate should have income in excess of the amount of payments to be made to decedent's widow. The ninth item describes the bequest to the widow as an *annuity*. Both the fifth and ninth items deal entirely with the same trust estate and, together, declare the testator's intention that his widow shall be paid a specified " sum and amount " annually " at all events " as a charge upon the whole trust estate, regardless of whether the latter had income or not. Clearly, an annuity of $50,000 to the widow, payable at all events, was thus intended and granted. *Helvering* v. *Pardee, supra; Burnet* v. *Whitehouse*, 283 U. S. 148.

Neither the fact that the widow elected to accept the provisions of the will, by virtue of which the disputed payments were made, in lieu of her statutory rights, nor the present adventitious circumstance of actual payment, wholly from income, during the pending tax years, affects that conclusion. *Helvering* v. *Pardee, supra*.[2] Nor does the fact that the present trust corpus did not include all of the testator's estate, change its character as corpus here, and so, does not disturb that result. *Burnet* v. *Whitehouse, supra; Boston Safe Deposit &*

---

[2] The dissenting opinion of Chief Justice Hughes expresses the contrary view on the latter point, which is answered in the majority opinion.

*Trust Co.* v. *Commissioner*, 66 Fed. (2d) 179; certiorari denied, 290 U. S. 700; *Warner* v. *Commissioner*, 66 Fed. (2d) 403; certiorari denied, 290 U. S. 688.

We conclude that the widow was the legatee of an annuity, a charge upon the whole trust estate, both income and corpus; that the payments in question to her were made by the trustee, not as a payment of income, as such, but in discharge of that legacy, and, accordingly, upon the authority of the *Pardee* and *Whitehouse* cases, *supra*, were not deductible from the gross income of the trust estate in computing its taxable income.

Reviewed by the Board.

*Decision will be entered pursuant to Rule 50.*

---

MATTHEWS, dissenting: It is elementary that the intention of the testator governs as to the character of testamentary gifts. Although the terms of the will of I. DeVer Warner are not identical with the terms of either will before the Supreme Court in *Helvering* v. *Butterworth*, 290 U. S. 365, and *Helvering* v. *Pardee*, 290 U. S. 370, it is my opinion that the provisions of the Warner will creating the trust are more nearly like those of the Butterworth will. By item fifth the testator established a trust and directed the trustees " from the dividends, interest, income and increase thereof, to pay over to my wife during the term of her natural life, annually, in quarterly payments, the sum and amount of " $50,000. Then after accumulating from the excess income the sum of $50,000 which was to be added to the corpus of the trust, the trustees were to pay the balance of the income annually to the testator's three children, share and share alike. At the death of his wife, the principal and accumulations of the trust fund were to be disposed of as part of his residuary estate which was to go to his three children. By another provision, item ninth, the testator reiterated that " It is my will that the annuity provided for my wife in the Fifth item of this will shall be paid to her out of the income of the trust property held for that purpose, if it be sufficient ", but if insufficient the trustees were directed to take from the principal a sufficient amount to make up the deficiency, " so that, at all events, and every year, my said wife shall receive the full sum and amount of " $50,000. In my opinion the testator's intention or " will " to make his wife a beneficiary of the income of the trust, to the extent of $50,000 each year, could not be more clearly expressed. The fact that in item ninth the testator provided for the payment of a part of the corpus to his wife in any year in which the income of the trust should be less than $50,000, thereby making

what we may designate as a conditional bequest of a part of the corpus, does not change the nature of the gift made by item fifth, which is a gift of income. *Helvering* v. *Butterworth, supra; Heiner* v. *Beatty,* 17 Fed. (2d) 743; affd., 276 U. S. 598, on authority of *Irwin* v. *Gavit,* 268 U. S. 161.

It is to be noted further that although the testator herein refers to his gift as an "annuity", he did not give his wife outright an annuity of $50,000, such as was given by Calvin Pardee to his wife, and the amount payable to the widow by virtue of item fifth is not payable without regard to income but is payable wholly out of income. Under the undisputed facts of this case, the amounts paid by the trustees to the widow in the taxable years before us were paid solely by virtue of item fifth. Except in the first year after the testator's death the income of the trust has been greatly in excess of $50,000, and such excess has been distributed to the other beneficiaries. Furthermore, it is only in the event that the income of the trust is less than $50,000 that there will be paid to her any amount from the corpus, by virtue of item ninth, and if it should be necessary to make up the deficiency, as directed, such amount will be a bequest and not taxable. It appears to me that this conditional bequest should not be so construed as to constitute the testator's gift to the widow a legacy of corpus.

For the reasons set out herein I am strongly of the opinion that the widow in the instant case is a beneficiary of the income of a testamentary trust created by the will of I. DeVer Warner, within the intendment of the statute, and that the petitioner is entitled, under section 219 (b) (2) of the Revenue Acts of 1924 and 1926, to deduct the income of the trust which was distributable and distributed to her in the taxable years.