ALBERT K. SMILEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANCIS G. SMILEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 74424, 74425. Promulgated October 15, 1935.

*Charles de la Vergne, Esq.*, for the petitioners.
*S. B. Anderson, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies in income tax for the year 1930 as follows: Albert K. Smiley (Docket No. 74424), $489.94; and Francis G. Smiley (Docket No. 74425), $493.02. The Commissioner increased the income of each as reported by $3,250.

This amount represents one half of $6,500 which was payable under the will of Daniel Smiley (father of the petitioners) to Effie F. Smiley (mother of the petitioners) and Ellen E. Sanborn (an aunt of the petitioners). This action of the Commissioner is assigned as error. The cases were consolidated and the facts in each have been stipulated.

Daniel Smiley died testate on February 14, 1930. His will provided for the payment of $6,000 annually to his wife, Effie F. Smiley, and $1,500 annually to her sister, Ellen E. Sanborn. The will provided, further, that these legacies should be a charge upon his "Lake Mohonk property." That property included a hotel and was left to the petitioners in equal shares as a part of their father's residuary estate. The petitioners formed a partnership known as Smiley Brothers, which operated the Lake Mohonk property from February 15 until December 31, 1930. The partnership paid $6,500 during that period to Effie F. Smiley and Ellen E. Sanborn pursuant to the terms of the will of Daniel Smiley. This amount was deducted in computing the net income of the partnership distributable to the partners. The Commissioner held that the $6,500 should not be deducted in computing the net income of the partnership distributable to the partners. He stated in the notice of deficiency that he was acting upon authority of *Burnet* v. *Whitehouse*, 283 U. S. 148, but that case is not in point. The Commissioner filed no brief.

A partner is taxable with his distributive share of the net income of the partnership. Section 182 (a) of the Revenue Act of 1928. These petitioners were equal partners and the only question in issue is the amount of their distributive shares of the net income of the partnership known as Smiley Brothers. This partnership was not purchasing the Lake Mohonk property and was not making any capital investment in the property, nor was it releasing that property from charges against the property fixed by the will of Daniel Smiley. (Cf. *Corbett Investment Co.* v. *Helvering*, 75 Fed. (2d) 525). It was merely operating the property for what profit it could make and call its own over and in excess of the expenses and charges which it had to pay in connection with the operation. One of the fixed annual charges which it had to pay for the privilege of operating the property was the amount here in question. That charge was made by the decedent and had to be discharged from the hotel revenues. The amount in controversy must be deducted before the net income of the partnership can be determined. The partnership was entitled to keep only such profits as remained from the operation of the hotel after the payment of this amount. Not all of the gross income from the hotel property belonged to the partnership. The petitioners, independently of the partnership, were not entitled to retain all of the revenues from the operation of the hotel, since

the testator had given them the property subject to rights therein which he had given to others. The partnership was not entitled to the $6,500, but had to pay it out to those entitled to it. Obviously it formed no part of the partners' distributive share of the net income of the partnership. Neither did it form a part of the petitioners' income on any theory. This is in accordance with the following decisions of this Board: *Walter T. Gudeon*, 32 B. T. A. 100; *Julian L. Hamerslag*, 15 B. T. A. 96 (as to a monthly payment of $50); *James M. Hutchinson*, 11 B. T. A. 789; *James Brown*, 10 B. T. A. 1036.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

SMITH, dissenting: The annuities payable to Effie F. Smiley and Ellen E. Sanborn are made a charge upon the " Lake Mohonk property." The petitioners are devisees of the property subject to the annual charges.

If petitioners had operated the Lake Mohonk property as executors of the will of their father they would not have been entitled to deduct the amounts paid to the annuitants in 1930, for the annuities were payable at all events. *Burnet* v. *Whitehouse*, 283 U. S. 148; *Helvering* v. *Pardee*, 290 U. S. 365. The annuities were received by the annuitants as legacies. They did not constitute taxable income to them. The devisees and legatees of the residuary estate were not entitled to the deduction of the annuities. *Helvering* v. *Pardee*, *supra*.

In the majority opinion it is held that the taxable profits from the operation of the hotel in 1930 are after the deduction of the annuities paid. I do not think that this is so. Cf. *Corbett Investment Co.* v. *Helvering*, 75 Fed. (2d) 525. The petitioners had to pay the annuities. But they were not deductible expenses to them. They constituted capital charges.

---

SEAWELL, dissenting: Petitioners received the Lake Mohonk property *cum onere*. There was no compulsion that they should use it or otherwise cause it to produce income. Their tenure depended upon the payment of the legacies to the mother and aunt, as the property was the pledge to assure the payment whether or not it produced income. If the prevailing opinion is correct, it would seem that the income of the property, if any, is exempt to the extent of $7,500 a year so long as both Mrs. Smiley and Mrs. Sanborn live. I do not think this is according to the law of the case.

SMITH and ARNOLD agree with the above dissent.