MARY INK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75731.   Promulgated April 6, 1937.

*Albert B. Arbaugh, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

LEECH: Our inquiry is resolved by the correct legal characterization of the contested receipts. If those receipts are bequests, they are not taxable income to petitioner. Revenue Act of 1928, sec. 22 (b) (3).[1]

Respondent now concedes the $4,000 payment received from the executor was a bequest, but denies that status to the $20,000 received from the lessees of the theatre property. He cites *Helvering* v. *Pardee*, 290 U. S. 365; *Bridgeport-City Trust Co., Trustee*, 32 B. T. A. 1181; *Bay Trust Co., Trustee*, 34 B. T. A. 233; *Arthur U. Crosby et al., Executors*, 34 B. T. A. 433, as supporting that conception. We think those authorities and others characterize both receipts as bequests.

---

[1] SEC. 22. GROSS INCOME.

　*　　　*　　　*　　　*　　　*　　　*　　　*

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

　*　　　*　　　*　　　*　　　*　　　*　　　*

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

Whether the receipts in dispute are bequests depends upon the intent of the testator, as expressed in his will, to permit their payment from either corpus of the estate or its income. *Helvering* v. *Pardee, supra; Bridgeport-City Trust Co., Trustee, supra; Bay Trust Co., Trustee, supra; Arthur U. Crosby et al., Executors, supra; Burnet* v. *Whitehouse,* 283 U. S. 148.

The present will permitted the payment of the amounts in question either from corpus or income. This will consistently designated the interest of the petitioner thereunder as an "annuity" and, not only did not limit its source of payment to income, but expressly made the "annuity a specific charge against my theatre property * * *." See *Arthur U. Crosby et al., Executors, supra.*

Item four is as follows:

ITEM FOUR: I hereby Will and Bequeath unto my wife, Mary Ink, the sum of Twenty-Four Thousand Dollars ($24,000) per year, payable in monthly payments of Two Thousand Dollars ($2000.00) each, said annuity to be received by her in full of her dower, distributive share, year's support, and any and all other claims or demands whatsoever that she may or might have against my estate, and I hereby make said annuity a specific charge against my theatre property hereinafter referred to.

The adventitious circumstance that the questioned payments to petitioner were actually made from income is not material. *Helvering* v. *Pardee, supra.* That the source of the payments of petitioner's annuity was limited to a specific part of the corpus does not change the controlling fact that the contested distributions could be made legally from corpus. *Burnet* v. *Whitehouse, supra; Boston Safe Deposit & Trust Co.* v. *Commissioner,* 66 Fed. (2d) 179; certiorari denied, 290 U. S. 700; *Warner* v. *Commissioner,* 66 Fed. (2d) 403; certiorari denied, 290 U. S. 688. Nor is our conclusion disturbed by the termination of the testator's trust during the taxable year and the fact that, thereafter, $20,000 of the disputed payments were made by the lessees of the theatre property. *Helvering* v. *Pardee, supra; Commissioner* v. *Smiley,* 86 Fed. (2d) 658, reversing 33 B. T. A. 198; *Hanes* v. *Munger,* 40 Ohio St. 493, and *Yearly* v. *Long,* 40 Ohio St. 27. Despite the termination of the trust, the distribution of the testator's personal property and the provision in the will that the theatre property, upon which petitioner's annuity was a specific charge, "which is leased for a period of Thirty Years (30) after its completion, shall not be sold prior to the termination of said lease," clearly, under the last cited authorities, petitioner still had a lien on the theatre property, itself, for her annuity, and could enforce its payment therefrom. And, in our opinion, that conclusion is not affected by item six or item ten of the will. In the face of the provision in item four, quoted above, making petitioner's annuity "a specific charge against [the] theatre property" and its reiteration in item ten, those first-mentioned statements are no more than expressions of expectation,

hope, and belief that the income would be sufficient to meet the annuity. Such expressions are not enough to restrict the source of payment of the annuity here to income alone. *Arthur U. Crosby et al., Executors, supra,* and cases cited therein. The distribution of the testator's personal property, at the expiration of the five-year period, as required by item ten of the will, only limited the source of petitioner's bequest, to the theatre property and the devisees of that property. *Commissioner* v. *Smiley, supra; Hanes* v. *Munger, supra,* and *Yearly* v. *Long, supra.*

We conclude that the payments in question were received by petitioner as bequests and that they are, therefore, not taxable income to her. Revenue Act of 1928, sec. 22 (b) (3), *supra; George D. Harter Bank, Executor,* 29 B. T. A. 926.

*Decision will be entered for the petitioner.*