## BURNET, COMMISSIONER OF INTERNAL REVENUE, *v.* WHITEHOUSE.

No. 129.   Argued March 11, 1931.—Decided April 13, 1931.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Messrs. Sewall Key, J. Louis Monarch,* and *Miss Helen R. Carloss,* Special Assistants to the Attorney General, *Erwin N. Griswold, Clarence M. Charest,* General Counsel, and *Stanley Suydam,* Special Attorney, Bureau of Internal Revenue, were on the brief, for petitioner.

*Mr. Marion N. Fisher* argued the cause, and *Messrs. John W. Davis, Spotswood D. Bowers,* and *Marsden B. Candler* filed a brief, for respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

The Revenue Act of 1921, c. 136, 42 Stat. 227, 233, 237, 246, provides—

" Sec. 210. That . . . there shall be levied, collected, and paid for each taxable year upon the net income of every individual a normal tax of 8 per centum of the amount of the net income.

" Sec. 211. That . . . in addition to the normal tax imposed by section 210 of this Act, there shall be levied, collected, and paid for each taxable year upon the net income of every individual . . . a surtax . . .

" Sec. 212. (a) That in the case of an individual the term 'net income' means the gross income as defined in section 213, less the deductions allowed by section 214. . . .

" Sec. 213. That for the purposes of this title . . . the term ' gross income '—(a) Includes gains, profits, and income derived . . . (b) Does not include the following items, which shall be exempt from taxation under this title: . . . (3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income); . . ."

James Gordon Bennett died May 24, 1918. His will provided for payment of twenty or more annuities. Among other items, it contained the following:

Item " Tenth. I also give and bequeath to the said Sybil Douglas, wife of William Whitehouse, an annuity of five thousand dollars."

Item " Twenty-eight. . . . All annuities hereby given shall commence at the time of my death and be payable

in equal parts half-yearly, except as hereinabove specifically mentioned."

Item Twenty-nine directed the executors to establish a Memorial Home and to that end gave them the residue of the estate.

Item " Thirtieth. . . . I authorize and empower said executors or executor to retain and hold any personal property which may belong to me at the time of my death and to set aside and hold any part thereof to provide for the payment and satisfaction of any annuity given by me."

The annuity for Mrs. Whitehouse was satisfied from the corpus of the estate prior to November 14, 1920; afterwards, out of income derived therefrom. December 30, 1920, the executors permanently set aside for the Memorial Home a large amount of interest-bearing securities " but subject to taxes, annuities, and other charges."

The Commissioner of Internal Revenue demanded of Mrs. Whitehouse income tax for the year 1921 on the semi-annual payments received during that period. She petitioned the Board of Tax Appeals for relief. It held that the bequest to her was within paragraph (b), item (3), § 213, Revenue Act of 1921, and therefore exempt. The Circuit Court of Appeals, First Circuit, approved that conclusion. 38 F. (2d) 162.

The most plausible argument submitted for the Commissioner is this: An annuity given by will is payable primarily out of the income from the estate. The residuary estate of Bennett produced enough during 1921 to meet all bequeathed annuities. The payments received by Mrs. Whitehouse during that year were, in fact, made from such income. Consequently, it cannot be said that the bequest was one of corpus; and the payments were taxable under *Irwin* v. *Gavit*, 268 U. S. 161.

As held below, the bequest to Mrs. Whitehouse was not one to be paid from income but of a sum certain, payable at all events during each year so long as she should live. It would be an anomaly to tax the receipts for one year and exempt them for another simply because executors paid the first from income received and the second out of the corpus. The will directed payment without reference to the existence or absence of income.

*Irwin,* v. *Gavit* is not applicable. The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. This Court concluded that the gift was of money to be derived from income and to be paid and received as income by the donee. Here the gift did not depend upon income but was a charge upon the whole estate during the life of the legatee to be satisfied like any ordinary bequest.

An attempt is made to strengthen the position of the Commissioner by reference to § 219, Act of 1921, which declares that the tax imposed by §§ 210 and 211 shall apply to the income of estates, including—" Income which is to be distributed to the beneficiaries periodically, . . ." But clearly enough, we think, this section applies only to income paid as such to a beneficiary. And, as above shown, the sums received by Mrs. Whitehouse were not gifts to be derived from and paid out of income, nor were they received as such by her.

The exemption in § 213 is plain and should not be destroyed by any strained construction of general language found in § 219.

The judgment of the court below must be

*Affirmed.*