FRANK PARDEE, ARIO PARDEE, AND GIRARD TRUST COMPANY, TRUSTEES, UNDER THE WILL OF CALVIN PARDEE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44362. Promulgated June 23, 1931.

*Charles Myers, Esq.*, for the petitioners.
*M. E. McDowell, Esq.*, for the respondent.

OPINION.

ARUNDELL: This case is ruled by that of *Julia Butterworth et al., Trustees*, 23 B. T. A. 838, and we accordingly hold that the trustees are not entitled to deduct the payments made to the widow in the taxable years.

The only distinction between the *Butterworth* case and this one is that in that case the payments to the widow were limited to the income from the trust property, whereas here the widow is given the annual sum of $50,000, which though payable primarily out of income, was payable at all events and if the income proved insufficient the trustees might invade the corpus of the trust to make up the deficiency. See *Sybil Whitehouse*, 7 B. T. A. 600; affd., 38 Fed. (2d) 162; and 283 U. S. 148. This distinction, if it makes any difference, presents a stronger case for the respondent than the *Butterworth* case, in view of the holding in the *Whitehouse* case that annuities are not income and the recipient of an annuity does not receive a distributive share of the trust income.

Reviewed by the Board.

*Decision will be entered redetermining the deficiencies in the amounts stipulated.*