WILLIAM R. KENAN, JR., AND LAWRENCE C. HAINES, TRUSTEES, U/W MARY LILY (FLAGLER) BINGHAM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61166, 66540.   Promulgated July 25, 1933.

*A. Roberts MacMannis, C.P.A.,* for the petitioners.
*William E. Davis, Esq.,* and *Paul E. Waring, Esq.,* for the respondent.

OPINION.

MORRIS: Since the allegations of error numbered 2 to 5, inclusive, hereinbefore set forth, have been settled by the stipulation entered into between the parties, to which effect shall be given in the determination hereunder, our sole question pertains to the deductibility of the annual payments or distributions to Louise Wise (Lewis) Francis, under item seventh of the Bingham will, in the determination of the net taxable income of the petitioners.

While the taxable years 1927 to 1930, both inclusive, are in dispute, and while the 1926 as well as the 1928 Revenue Act are both

to be considered, the similarity of the controlling provisions obviates specific reference to both and, therefore, we set forth only the governing provisions of the latter act which have been relied upon by the parties.

Section 22 (b) (3) of the 1928 Act:

(b) *Exclusions from gross income.*—The following items shall not be included in gross income and shall be exempt from taxation under this title:

\*       \*       \*       \*       \*       \*       \*

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

Section 23 (b) of the 1928 Act:

In computing net income there shall be allowed as deductions:

\*       \*       \*       \*       \*       \*       \*

(b) *Interest.*—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.

Section 161 (a) (2) of the 1928 Act:

(a) *Application of tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\*       \*       \*       \*       \*       \*       \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct.

Section 162 (b) of the 1928 Act:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*       \*       \*       \*       \*       \*       \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

The position of the respondent is that the amounts in question constitute " bequests " within the meaning of section 22 of the Revenue Act of 1928, " exempt from taxation ", not taxable income, and consequently may not be deducted by the trustees in computing the net taxable income of the trust, relying upon *Burnet* v. *Whitehouse*, 283 U.S. 148. The petitioners contend in effect, that the terms of

item seventh, considering all of the other provisions of the will in connection therewith in arriving at the intention of the testator, established a trust fund of $5,000,000 for the benefit of Louise Clisby Wise, payable at or after attaining the age of forty, and that the $200,000 legacy provided by the same item of the will, payable annually to her, represented either income of a testamentary trust, distributable under section 162 of the act aforesaid, or "interest" payments under section 23 of said act, and therefore is deductible in the determination of the net taxable income of the estate in either event.

It should be stated, before proceeding to the merits of the question, that where the language of a will is perfectly clear and unmistakable in its terms, judicial construction may not be resorted to. Our attention has been directed to no single instance of ambiguity, nor do we find any ourselves; consequently, it is our plain duty to give to the words used by the testator their natural and usual meaning, at the same time realizing and fully appreciating the importance of considering the will in its entirety in order to arrive at the true intention of the testator. See Schouler on Wills, Executors, and Administrators, vol. 2.

Let us examine the will from "all four corners", as the petitioner urges, and see just what effect, if any, the other provisions thereof may have upon item seventh. Items first and second deal with the payment of funeral expenses and expenses of administration and with the appointment of executors and trustees. Items third and fourth dispose of the testator's realty and jewelry. Item fifth leaves all the residue of the testator's property to trustees, in trust, with directions to satisfy certain specific bequests mentioned therein—item sixth providing that such legacies be paid "as soon as in their judgment is compatible with the due administration of my estate and with the carrying out of my wishes with reference to the Florida East Coast Railway Company and the Florida East Coast Hotel properties hereinafter mentioned." Item seventh, which is the item in question here, the pertinent portion of which has been set forth in our findings of fact, directs the payment to the testator's niece, Louise Clisby Wise, of the sum of $200,000, annually, until she shall have reached the age of forty, "at which time or as soon thereafter as compatible with the interests of my estate, they shall pay to her the sum of five million ($5,000,000) dollars." Item eighth directs the annual payment of a legacy to the University of North Carolina for certain specified purposes. After providing for the foregoing, the testator, in item ninth, directs that "all the rest and residue of my estate including all lapsed bequests or devises, shall be held for the term of twenty-one years from the date of this will by my said

trustees in trust for the maintenance and administration and development of the Florida East Coast Railway and the Florida East Coast Hotel properties (which are hereinafter called 'principal properties') and the properties held by subsidiary companies. And to that end, my said trustees shall have power to sell any of my said residue estate, except the stocks and bonds of said 'principal properties', to invest the proceeds of such sales and the income and increments of all my said residue estate in such securities or other properties as they may think best; to use any of the said proceeds or said income or increments for the benefit of any of said principal or subsidiary properties." Item tenth provides for the division of the properties just mentioned after such term. The remaining items of the will, numbered eleventh, twelfth, thirteenth and fourteenth, can have no possible effect upon the question at issue and need be given no further consideration.

Having thus reviewed and carefully studied all the provisions of the testator's will, we are convinced that the solution of our problem lies exclusively in item seventh and that it is independent of all of the other provisions of the will and they independent of it, certainly so far as the $200,000 legacy is concerned.

As we view the situation the question here must be tested by the principles laid down in *Irwin* v. *Gavit*, 268 U.S. 161, and the result reached must depend upon whether the facts shown come within *Burnet* v. *Whitehouse, supra*, as the respondent contends, or within *Heiner* v. *Beatty*, 17 Fed. (2d) 743, affirmed by the Supreme Court in 276 U.S. 598, as the petitioner contends.

In *Heiner* v. *Beatty, supra*, the court, after referring to item fifth of the will under consideration, providing for an annual annuity to each of the stated beneficiaries, remarked that had the will "stopped there" the legacy would no doubt have been a "bequest" under the act and not taxable income. It then referred to the following item of the will, item sixth, which provided:

Sixth: I direct my executor and trustee either to *set apart, hold in trust, invest and keep invested, in separate funds, one for each annuitant*, sufficient sums *to produce* by the clear net interest and *income* thereof respectively, the several annuities provided in the Fifth Article of this will, * * * and to pay the said several annuities *from the* interest and *income* of the *respective funds* in semi-annual payments, *or* to purchase such annuities in Life Insurance companies * * *.

Similarly, if item seventh of the will here in question had *not* "stopped" where it did, but had contained provisions like or similar to those just quoted, the $200,000 annual payment would doubtless be classified as taxable income as distinguished from a bequest. Of course the petitioner would have us hold that the $5,000,000 fund was created and intended to yield the amount of annual distribution of

$200,000, but about that the will is totally silent and we are unable after a thorough study of its terms to reach such a conclusion. The two bequests, while contained in the same clause, in fact, in the same sentence, are entirely independent of each other, one to be paid annually for a specified period and the other to be paid in a lump sum at or after such period. The court there held that the income in question was " produced from a capital sum created specifically to produce it " and was taxable income within the meaning of the act. For the reason stated we are of the opinion that the instant case is clearly distinguishable upon its facts from that, and that it can not be followed.

In *Burnet* v. *Whitehouse, supra*, the case relied upon by the respondent, we find a totally different situation. There, it appears, no fund was set aside or created to produce the amount of income in question and, as the court said, the legacy " was not one to be paid from income but of a sum certain, payable at all events during each year so long as she should live." As we read item seventh of the will in question, the $200,000 legacy was " payable at all events " until the beneficiary arrived at the age of forty. In holding the result reached by *Irwin* v. *Gavit, supra*, inapplicable, the court, in *Burnet* v. *Whitehouse, supra*, said: " The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. This court concluded that the gift was of money to be derived from income and to be paid and received as income by the donee. Here the gift did not depend upon income but was a charge upon the whole estate during the life of the legatee to be satisfied like any ordinary bequest." Such is the situation here. The bequest to Louise Clisby Wise was unconditional and was a charge upon the " whole estate." And whether it became necessary to discharge the bequest by the payment thereof out of income of the estate, if such should have become necessary, does not change its legal status as a " bequest." The controlling principle is dictated by the will itself and it directed payment without reference to the existence or absence of income; therefore, as was said in *Burnet* v. *Whitehouse, supra*, " It would be an anomaly to tax the receipt for one year and exempt them for another simply because executors paid the first from income received and the second out of the corpus."

Nor, for the reasons stated, are we impressed with the argument of counsel that simply because $200,000 happens to amount to 4 percent upon $5,000,000 the annual distributions were in the nature of interest payments and therefore deductible. We find no justification for any such speculative conclusions.

We are of the opinion, therefore, that the distributions in question, being a bequest, do not constitute " income " to the beneficiary within

the meaning of sections 161 (a) (2) and 162 (b), nor "interest" under section 23 (b) of the Revenue Act of 1928, and that these payments are not deductible by the trust. *Boston Safe Deposit & Trust Co.* v. *Commissioner*, 66 Fed. (2d) 179.

*Judgment will be entered under Rule 50.*