### McCORMICK et al. v. UNITED STATES.
### No. 3525.

District Court, M. D. Pennsylvania.

Nov. 26, 1935.

Nauman, Smith & Hurlock, of Harrisburg, Pa., for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., Andrew D. Sharpe and Thomas G. Carney, Sp. Assts. to Atty. Gen., Frederick V. Follmer, U. S. Atty., of Milton, Pa., and A. A. Maguire, Asst. U. S. Atty., of Scranton, Pa., for the United States.

WATSON, District Judge.

This is an action brought under section 24, subdivision 20, of the Judicial Code, as amended February 24, 1925, 28 U.S.C. § 41 (20), 28 U.S.C.A. § 41 (20), to recover the sum of $27,988.73 as income taxes alleged to have been erroneously assessed and collected. The case was tried before the court without a jury.

Marlin Edgar Olmsted died testate on July 19, 1913, leaving surviving him his widow and five children, aged 4, 6, 8, 12, and 13. The testator's will provided for the payment of his debts and funeral expenses, and then provided: "I give, devise and bequeath as follows: To my beloved wife, Gertrude Howard Olmsted," the city and county residences and other real and personal property, "also Fifty Thousand Dollars ($50,000.)"; "also from time to time, until the Twelfth day of June, Anno, Domini, One Thousand Nine Hundred and Thirty, such sums of money as may be reasonably necessary to support and maintain herself and to support, maintain and educate our five children." Then followed bequests to each of his five children the sum of $1,500 when they respectively arrived at the age of 18, and a like sum each year thereafter until each child reached the age of 21, when the sum of $50,000 should be paid to each. Other bequests to relatives, servants and charity followed.

The testator then devised and bequeathed "the rest, residue and remainder" of his estate to his executors, plaintiffs herein, "in trust" to manage and dispose of as directed, with power to sell and convey any and all stocks and securities, and any real estate not already specifically devised, according to their best judgment and to reinvest the proceeds thereof or other funds "but except for the payment of the bequests above set forth, the estate is to remain intact until the twelfth day

of June" (1930), when the executors were to set apart a sufficient amount of property to yield enough income to insure the payment of the annuities provided for, then divide the remainder of the estate into eight equal parts, one equal part to each of the five children and delivered to them absolutely, the remaining three parts to be retained by the executors "in trust," the income thereof to be paid to the widow so long as she should live, and upon her death the remainder of the estate to be divided into five parts and allotted absolutely to each of the five children or their heirs.

From the time of the testator's death, and during the years involved in this proceeding, 1926, 1927, 1928, and 1929, the executors and trustees paid various sums of money to the widow under the provisions of the will above set forth, providing for the payment to the widow of "such sums of money as may be reasonably necessary to support and maintain herself and to support, maintain and educate our five children."

The plaintiffs, as executors of the decedent's estate, filed income tax returns for the years 1926, 1927, 1928, and 1929 and took as deductions from the taxable net income of the said estate, for each of the years involved, the amounts of the payments made as above. The Commissioner of Internal Revenue refused to allow said payments as deductions from the estate's net income and determined and assessed additional taxes for the said years, which taxes and interest were duly paid. Plaintiffs, on July 19, 1932, filed with the collector of internal revenue claims for refund of the additional taxes and interest. The claims for refund were rejected, and plaintiffs then instituted suit in this court.

The question presented is whether the sums of money paid to the widow under the above provisions of decedent's will should be allowed as deductions in determining the taxable income of decedent's estate.

The plaintiffs contend that the will created a trust in favor of the children and that the money paid thereunder was income, not taxable to the trustees and deductible by them from the gross income of the estate.

The defendant contends that the payments to the widow constituted a bequest absolutely for her own use, and not charged with a trust in favor of the children; that the payments were not distributions of income as such, but of corpus, and therefore not deductible.

The Revenue Acts of 1926 and 1928, sections 219 (b) (2) and section 162 (b), 26 U.S.C.A. § 162, and note, respectively provide: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

Section 213 (b) of the Revenue Act of 1926 (44 Stat. 23) provides: "The term 'gross income' does not include the following items, which shall be exempt from taxation under this title: * * * (3) The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)." Section 22 (b) (3) of the Revenue Act of 1928 (26 U.S.C.A. § 22, and note) is to the same effect.

It is to be observed that the Revenue Act provides for deductions of income "which is to be distributed currently," and it is plain that under the Revenue Act a deduction is permitted to an estate or trust only when the distribution is of income. Klein-Federal Income Taxation, p. 1184, par. 34:26. In my opinion, the distributions in this case were not of income as such, and accordingly it is unnecessary to determine whether the will created a trust in favor of the children or an absolute bequest to the widow not charged with a trust. We are dealing with a tax statute and seeking to determine the will of Congress, and so it is unnecessary to discuss the rights of the widow or children under other circumstances. Helvering v. Butterworth, 290 U.S. 365, at page 369, 54 S.Ct. 221, 78 L.Ed. 365.

The payments to the widow under the will were to be made at all events, without reference to the existence or absence of income. It was a charge upon the estate as a whole. It is immaterial that there happened to be sufficient income from which to make the payments. The provisions of the will to this effect are plain. It is clear that the testator intended the payments for support should be certain.

and not dependent on whether the estate produced income. The word "income," or any word implying income, is not used in connection with the provision for the payment in question; in fact, the word "income" is not used until the testator made provision, at the end of the ·will, for the disposition of the residuary estate. In the residuary clause, the testator provided, "but except for the payment of the bequests above set forth, the estate is to remain intact until the twelfth day of June, Anno Domini, One Thousand Nine Hundred and Thirty." This clause conclusively shows that the payments for support were to be payable at all events and out of the corpus if necessary, thus constituting a charge on the estate.

The instant case is governed by the principles laid down in Helvering, Commissioner, v. Pardee et al., Trustees, 290 U.S. 365, 370, 54 S.Ct. 221, 223, 78 L.Ed. 365, and Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 376, 75 L.Ed. 916, 73 A. L.R. 1534. In the Pardee Case the Supreme Court said: "The annuity provided by the will for Mrs. Pardee was payable at all events. It did not depend upon income from the trust estate. * * * Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income; but in discharge of a gift or legacy."

In the Whitehouse Case, where the annuity was satisfied for a time from the corpus and later out of income derived therefrom, the Supreme Court said:

"It would be an anomaly to tax the receipts for one year and exempt them for another simply because executors paid the first from income received and the second out of the corpus. The will directed payment without reference to the existence or absence of income. * * * An attempt is made to strengthen the position of the Commissioner by reference to section 219, Act of 1921 (42 Stat. 246), which declares that the tax imposed by sections 210 and 211 shall apply to the income of estates, including 'Income which is to be distributed to the beneficiaries periodically. * * *' But clearly enough, we think, this section applies only to income paid as such to a beneficiary. And, as above shown, the sums received by Mrs. White-house were not gifts to be derived from and paid out of income, nor were they received as such by her.

"The exemption in section 213 is plain, and should not be destroyed by any strained construction of general language found in section 219."

Under the authority of the Whitehouse Case, supra, the payments in question could not be taxed to the widow, and the estate cannot escape taxation by claiming deductions for distributions which cannot be taxed to the distributees.

Plaintiffs' further contention, that defendant's affidavit of defense admits all the facts in the statement and raises no legal defense, is without merit. This question was adverted to by the court in passing on the affidavit of defense raising questions of law. The affidavit admits practically all the facts, so that they are not in dispute; however, it denies conclusions in the statement of claim so that plaintiff's right to recover is not admitted and a legal defense is raised.

Plaintiffs' and defendants' requests for findings have been answered and are filed herewith.

Judgment is directed to be entered in favor of the defendant and against the plaintiffs.