JAMES R. DUNCAN AND THE CITY NATIONAL BANK OF BINGHAMPTON, AS SURVIVING EXECUTORS OF AND TRUSTEES UNDER THE WILL OF GEORGE FOWLER, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79419. Promulgated September 22, 1936.

*Israel T. Deyo, Esq.,* and *B. C. Wolcott, C. P. A.,* for the petitioners.

*E. G. Smith, Esq.,* for the respondent.

### OPINION.

HILL: This proceeding is for the redetermination of a deficiency in income tax for the year 1932 in the amount of $598.48. Petitioners assign as error the action of respondent in disallowing a deduction of $10,243.72 in computing the net income of the trust estate taxable to the fiduciaries or trustees, which amount is alleged to represent income distributed currently by the trustees to the widow of decedent as a beneficiary of the estate and not as a legatee. The alleged error is denied by respondent. The parties filed an agreed statement of facts, which we adopt in full as our findings of fact, but only so much thereof will be set forth as we deem necessary to a discussion of the issue.

George Fowler, hereinafter called decedent, died testate on November 4, 1924. By his will, duly probated, decedent gave and bequeathed to his wife, Eda Fowler, all the household furniture and fixtures, certain automobiles, and the use of his residence and farm, including adjacent realty, for life with remainders over.

After providing for several general legacies and a specific devise, decedent, in the nineteenth paragraph of his will, gave all the residue of his estate to his executors and trustees in trust for certain specified uses and purposes, including the following:

\* \* \* to collect the rents, issues, income and profits therefrom, and, after deducting all necessary costs, charges and disbursements, to pay over there-

from to my wife, Eda Fowler, and to my son, George W. Fowler, during the term of their joint lives, each the sum of Twelve Thousand Dollars ($12,000) per annum, from and after the date of my decease, * * * and upon the death of either, then to pay over to the survivor the sum of Twelve Thousand Dollars ($12,000) during the remaining term of her or his natural life; and in case such rents, income and profits should be insufficient to pay the same, then to pay out of the principal of the funds in their hands such an amount as will make up the deficiency each year, provided, however, that any such payment made out of principal shall be replaced out of any income subsequently received by my trustees in excess of the amount requisite to make the annual payments above provided for. * * *

By the twenty-third and twenty-fourth paragraphs of his will, decedent directed that certain real property owned by him on the northwest corner of Court and Water Streets in the city of Binghampton, New York, as well as the farm and residence the use of which was given to his wife for life, should not be sold during the lifetime of his wife or son, but the executors and trustees were authorized "to mortgage, sell and convey any and all other real estate" of which decedent might die seized.

The twenty-sixth paragraph of decedent's will recited that "the provisions herein contained made for my wife, Eda Fowler, shall be in lieu of dower and all other common law or statutory rights or interests in both my real and in my personal estate."

The trustees under decedent's will duly filed with respondent on behalf of the estate a return of income for the calendar year 1932 on form 1041, showing net taxable income of $42,329.45, which amount was distributed and paid over to the beneficiaries, including the payment of $10,243.72 to decedent's widow, Eda Fowler. The fiduciaries paid no tax on the income of the estate so received and paid over.

Upon examination of the return, respondent held that the amount paid to Eda Fowler was taxable to the fiduciaries and not to the beneficiary, and fixed the amount of the tax at $598.48.

The parties further stipulated that if the contention of the petitioners is sustained there is no deficiency due from them, and that if the contention of the respondent is approved, the deficiency as determined by him is correct. Thus, a single issue of law is presented.

The statutes applicable here are sections 22 (b) (3) and 162 (b) of the Revenue Act of 1932, quoted in the margin.[1]

---

[1] SEC. 22. GROSS INCOME.

* * * * * * *

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

* * * * * * *

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income.)

Respondent filed no brief in this proceeding, but in the deficiency notice it is stated that deduction of the amount paid to Mrs. Fowler in the taxable year by the trustees is not allowable for the reasons (1) that it was an annuity payable at all events, did not depend upon income from the trust estate, and therefore did not represent taxable income to her; (2) that the widow was an ordinary legatee and the amount so paid to her is not deductible by the trustees; and (3) that the payments were not distributions of income, but were paid in discharge of a gift or legacy. In support of his action, respondent relies upon *Helvering* v. *Pardee*, 290 U. S. 365; *Boston Safe Deposit & Trust Co.* v. *Commissioner*, 66 Fed. (2d) 179, affirming 26 B. T. A. 486; *Burnet* v. *Whitehouse*, 283 U. S. 148; *George ,D. Harter Bank, Executor*, 29 B. T. A. 926.

Solution of the issue presented here depends upon whether the annual amount provided by decedent in his will to be paid to his widow was payable at all events as a charge against the corpus of the trust, not necessarily dependent upon current income of the trust estate, or whether it was payable only out of income.

We think it is clear that under the terms of the will the amount in question was payable at all events and constituted a charge against the whole estate, with the possible exception of certain realty. Payment was not dependent upon the amount of income received by the trustees. The nineteenth paragraph of decedent's will provided for the payment of the specified amount out of rents, income, and profits, after deducting all necessary costs, charges and disbursements, but it was further provided that if such net income was insufficient then the deficiency each year was to be paid out of principal. Our conclusion on this point is not affected by the further provisions of the will that any such payment made out of principal should be replaced out of any income subsequently received by the trustees in excess of the amount requisite to make the annual payments provided for. These provisions merely directed how and in what manner the income of the trust estate, if any, should be disposed of. Obviously, income in excess of the payments directed to be made to decedent's widow and son might not be received, but such payments were nevertheless to be made and they were therefore in no way dependent upon the receipt of excess income to replace the portion paid out of principal, nor was payment dependent upon the receipt of any particular

SEC. 162. NET INCOME [of estates and trusts].

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*      \*      \*      \*      \*      \*      \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for the taxable year which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. \* \* \*

amount of income by the trustees. The sum was payable annually at all events, out of net income if available in sufficient amount; otherwise it was to be paid out of principal.

In these circumstances, we are of the opinion that the amount in controversy is not deductible by the trustees in determining the net income of the trust estate under section 162 (b) of the statute above quoted.

*Helvering* v. *Pardee, supra,* along with other cases, was consolidated for decision by the Supreme Court with *Helvering* v. *Butterworth.* In the *Butterworth* case the decedent gave the residue of his estate to trustees, with directions to pay the net income to his widow. She elected to take under the will in lieu of her statutory rights. The Court held that she was a beneficiary of the trust, and that the trustees were entitled to deduct the income so distributed to her. In the *Pardee* case the decedent gave to his wife an annuity of $50,000, which, as in the present case, was payable at all events and not restricted to income of the trust estate. The Court held the payments were not deductible by the trustees under a prior statute substantially the same as section 162 (b), *supra,* saying:

> Payments to Mrs. Pardee by the fiduciary were not necessarily made from the income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income, but in discharge of a gift or legacy. The principle applied in *Burnet* v. *Whitehouse,* 283 U. S. 148 * * * is applicable.

In *Burnet* v. *Whitehouse,* it was held that an annuity chargeable against the corpus of a trust estate was not taxable to the annuitant as income. Such payments not being taxable to the annuitant would be taxable to the fiduciary, and so could not be deducted in computing the net income of the trust estate under the doctrine of the *Butterworth* case, *supra.* On this point the Court there remarked:

> The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. * * * Certainly, Congress did not intend any income from a trust to escape taxation unless definitely exempted.

We think the case at bar is clearly distinguishable on the facts from the *Butterworth* decision, and is ruled by the principles applied in *Helvering* v. *Pardee, supra.*

Petitioners argue, however, that the payment to Mrs. Fowler here in controversy was in fact made wholly out of income, and is therefore an allowable deduction to the trustees as a current distribution of income of the trust estate. We can not agree with this contention. It is not the source from which the payment of a particular year may be made which fixes the nature of the bequest. A widow who accepts the provisions of her husband's will and receives part or all of the income

from a trust established thereunder, occupies the position of a beneficiary. The amount distributed to her is taxable to her, and therefore constitutes an allowable deduction to the fiduciary. *Helvering* v. *Butterworth, supra.* If a definite, fixed amount is given to the widow, payable at all events (out of income, if available; if not, out of corpus) she is an ordinary legatee. The amount so paid then is not a distribution of income to her, but a gift or legacy exempt from income tax under section 22 (b) (3), *supra.* Hence, the amount is not deductible in computing the taxable income of the trust estate. *Helvering* v. *Pardee, supra.*

It is immaterial whether the annuity be in fact paid out of income or principal in a given year. This point was specifically considered in the *Whitehouse* case above referred to. There the annuity was satisfied from the corpus of the estate prior to November 14, 1920; afterwards out of income derived therefrom. The Court said:

It would be an anomoly to tax the receipts for one year and exempt them for another simply because the executors paid the first from income received and the second out of the corpus.

On authority of the decisions hereinabove cited the deficiency determined by respondent is approved.

*Judgment will be entered for the respondent.*