EQUITABLE TRUST COMPANY, A CORPORATION OF THE STATE OF DELAWARE, AND JAMES M. TUNNELL, TRUSTEES, UNDER THE LAST WILL AND TESTAMENT OF EDWARD W. PYLE, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85026.    Promulgated September 29, 1938.

*James M. Tunnell, Esq.*, for the petitioners.
*Benjamin W. Brodsky, Esq.*, for the respondent.

### OPINION.

SMITH: This proceeding is for the redetermination of a deficiency of $831.39 in income tax for 1933 of the trust estate created under the will of Edward W. Pyle, deceased. The sole question in issue is whether certain fixed annual payments which were made to beneficiaries pursuant to provisions in the testator's will are deductible from gross income of the estate. The respondent has determined that the disputed payments were "annuities" or "bequests" which were chargeable against the corpus as well as the income of the trust estate and accordingly are not deductible from gross income of the trust. The petitioners contend that the distributions were income distributions, deductible by the trust estate and taxable to the beneficiaries.

The answer to this question is to be found in the construction of the testator's will. The will reads in part as follows:

5. I order and direct Equitable Trust Company and James M. Tunnell, Trustees as aforesaid, out of the said trust estate, to pay annually, from the date of my death, to my wife, Harriet R. Pyle, the sum of Six Thousand Dollars ($6,000.00) for and during the term of her natural life; to pay annually, from the date of my death, to Roger Vandegrift, of Edgemoore, Delaware, the sum of Four Thousand Dollars ($4,000.00) for and during the term of his natural life; to pay to my nephew, Milton S. Pyle, of Moore, Pennsylvania, One Thousand Dollars ($1,000.00) per year for ten (10) years after my death, provided the said Milton S. Pyle shall live for that length of time; and to the Ladies Aid Society of the Methodist Episcopal Church at St. George's, in Baltimore Hundred, Sussex County and State of Delaware, the sum of One Thousand Dollars ($1,000.00) per year for ten (10) years, at least one-half (½) of the said fund to be used by said organization for some charitable purposes, and the other one-half (½) to be used for such religious purposes as the said Ladies Aid Society may determine.

6. I direct that the above annuitants shall be paid in convenient periodical payments, and such income in the hands of my Trustees shall not be liable to the debts, contracts or engagements of the said annuitants or to those of any other person, nor shall they be capable of assignment, alienation or pledge, nor liable to attachment, execution or other legal process.

  *   *   *   *   *   *   *

8. All income not necessary for the said annual payments shall be added to the estate in the possession of Equitable Trust Company and James M. Tunnell, Trustees as aforesaid.

9. It is my will and desire, and I direct that my Trustees herein named, after providing for an income sufficient to maintain the annuities herein provided for, shall have the authority to erect and maintain in Baltimore Hundred, Sussex County and State of Delaware, or in the vicinity of the same, some charitable institution, and suggest that the same be either a hospital, a home for children, or a home for adults, or any combination of the same.

After directing the trustees to turn over to a corporation which was to be organized to operate the institution mentioned in paragraph 9 an endownment fund of $200,000 to be paid out of the trust estate, the will further provided:

16. While I have in this my Will given specific direction with regard to the corpus of my estate, I desire to vest in my said Trustees a broader power than is herein limited with regard to the application of the residue of my estate after the payment of said annuities, and it being my intention that my estate shall be used for the alleviation of suffering in Baltimore Hundred and vicinity, I authorize and empower my said Trustees, or the survivor of them, in their uncontrolled discretion to establish such institutions as in their judgment will meet my desires in said matter by the establishment of such institution or by the division of my residuary estate among institutions then in existence in Baltimore Hundred, or its immediate vicinity, for such charitable work as I have indicated, and I direct that approximately one-half (½) of my estate in a round sum shall be set apart as endowment funds for the institutions which my Trustees may select as beneficiaries.

17. In case by reason of age or illness, any beneficiary under this my Will shall become incapable of receiving and disbursing the income to which he or

she is entitled, I authorize and empower my Executors and Trustees to pay and apply such income to the comfortable maintenance and support of such incapacitated beneficiary without being required to apply to any Court for leave to make such payment.

18. I authorize and empower my Executors and Trustees to retain any investments which I may leave at the time of my death, or in their discretion to sell and convert the same, and to invest and re-invest my estate in such securities as to them shall seem proper, not confining them to what are known as legal investments, and without liability for depreciation or loss by reason of the exercise of such discretion or for any cause other than negligence. However, it is my desire, and I do suggest to my said Executors and Trustees that my real estate in the City of Philadelphia, the same being at the Southeast Corner of Arch and 33rd Streets, shall be held a reasonable number of years because of my belief that property in the neighborhood of its location will greatly appreciate in value during the next few years. However, this is not a direction, but a suggestion to said Executors and Trustees for their guidance, subject to their judgment in case of extraordinary circumstances arising.

Section 162 (b) of the Revenue Act of 1932 provides that in computing the net income of an estate or trust there shall be allowed as a deduction:

\* \* \* the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, \* \* \* but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. \* \* \*

Section 22 (b) (3) of the same act provides for the exclusion from gross income of "the value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)."

In *Burnet* v. *Whitehouse*, 283 U. S. 148, and also in *Helvering* v. *Pardee*, 290 U. S. 365, the Supreme Court held that annuities chargeable against the corpus of a testamentary trust estate are bequests or legacies and are not taxable to the legatees as beneficiaries of the trust nor deductible by the trust estate as distributions of income. In *Helvering* v. *Pardee, supra*, the Court said:

The annuity provided by the will for Mrs. Pardee was payable at all events. It did not depend upon income from the trust estate. She elected to accept this in lieu of her statutory rights. She chose to assume the position of an ordinary legatee. Section 213 (b) (3), Revenue Act of 1924, c. 234, 43 Stat. 253, 267, 268 (26 USCA § 954 and note), exempts bequests from the income tax there laid. Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income; but in discharge of a gift or legacy. The principle applied in *Burnet* v. *Whitehouse*, 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534, is applicable.

The language of the testators will in the instant case leaves little ground for doubt that the payments in dispute were charges against the entire estate and were payable in any event out of either income or corpus of the trust. The language of the will is:

I order and direct Equitable Trust Company and James M. Tunnell, Trustees as aforesaid, out of the said trust estate, to pay annually, from the date of my death, to my wife, Harriet R. Pyle, the sum of Six Thousand Dollars ($6,000.00) for and during the term of her natural life; * * *

There is no expressed or implied direction in paragraph 5 of the will that the payments are to be made only out of income. The word income is not anywhere used. The only suggested source of the payments is "out of the said trust estate."

In paragraph 6 and also in other parts of the will the persons to whom the payments are to be made are referred to as "annuitants" and in paragraphs 5, 9, and 16 the payments are called "annuities." The word "annuity" has a definite legal meaning. It is a fixed amount to be paid absolutely and without contingency. See *Peck* v. *Kinney*, 143 Fed. 76; *Ronald De Reuter*, 7 B. T. A. 600.

Petitioners make the argument that the wording and provisions found elsewhere in the will show an intention on the testator's part that the payments to the annuitants should be made only out of the income of the trust estate without encroachment on the corpus. Attention is called in petitioners' brief to paragraphs 8 and 9, which it is said "suggest very clearly that the testator had in mind only payment from income." This argument, we think, is unavailing. Paragraph 8 merely provides for the addition to the trust corpus of the income not necessary for payment of the annuities. It indicates, merely, that the testator may have contemplated that there should be sufficient income, and more, for such payments. Paragraph 9 deals primarily with the erection and maintenance of some charitable institution which was to be done "after providing for an income sufficient to maintain the annuities herein provided for." These provisions are in no sense restrictive of the annuity payments provided for in paragraph 5.

Petitioners further call attention to the reluctance of the courts of the State of Delaware to sanction the sale of real estate to satisfy bequests and legacies. They contend that the payment of the annuities in question would necessitate the sale of the real estate held by the trust. This question, it is said, has been submitted to the Chancellor of the State of Delaware in a petition for a construction of the will. The evidence before us, however, does not show what part of the trust estate consisted of realty and what part personalty. It is stated in petitioners' brief that at the time of the decedent's death his estate consisted principally of a large building at Thirty-third and Arch Streets in Philadelphia, against which there was a mortgage of $85,000, and slightly over $100,000 in mortgages and other personal assets. The respondent has determined in his deficiency notice that the net income of the trust for the taxable year 1933 was $12,539.82, while the distributions to beneficiaries or legatees amounted to only $10,899.99.

However that may be, we are of the opinion that the plain wording of the testator's will requires the yearly payments to be made in any event out of either the income or assets of the trust estate. This being so, the payments are bequests and are not taxable to the recipients nor deductible from the gross income of the trust. *Burnet* v. *Whitehouse, supra; Helvering* v. *Pardee, supra; Helvering* v. *Butterworth*, 290 U. S. 365.

*Judgment will be entered for the respondent.*