THE F. G. BONFILS TRUST, THE DENVER NATIONAL BANK AND THE FIRST NATIONAL BANK OF KANSAS CITY, AS TRUSTEES UNDER THE WILL OF F. G. BONFILS, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 93148.   Promulgated December 8, 1939.

*James B. Grant, Esq., Stephen H. Hart, Esq.,* and *John H. McEvers, Esq.,* for the petitioners.

*R. P. Hertzog, Esq.,* and *L. C. Mitchell, Esq.,* for the respondent.

1088

OPINION.

Van Fossan: As to the first of the remaining issues, the petitioners base their contention on the proposition that they are entitled "to deduct any part of their gross income which, pursuant to the terms of F. G. Bonfils' will was 'to be used exclusively for religious, charitable, scientific, literary or educational purposes,'" citing section 162 (a).[1]

It will be noted that the petitioners do not claim the deduction by virtue of section 162 (b).[2] See *Helvering* v. *Pardee*, 290 U. S. 365, where the principle laid down in *Burnet* v. *Whitehouse*, 283 U. S. 148, was applied and it was held that payments to the beneficiaries were not distributions of income but were in discharge of a gift or legacy and, hence, not deductible from income. See also *Estate of William H. Block*, 39 B. T. A. 338. Nor do they claim the deduction as an amount "paid or permanently set aside" for the purposes and in the manner specified in section 23 (o) as provided in section 162 (a). They suggest and urge that it comes within the last provision of section 162 (a) as an amount which "is to be used exclusively for * * * charitable * * * purposes," the reasoning being that since the corpus ultimately will go to a charitable organization, the income used to pay the annuities frees the corpus of a proportionate burden and is to be used exclusively for charitable purposes within the meaning of section 162 (a).

We must confess that on careful study we are unable to follow the purported logic of petitioners' argument. The payments were

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (o)) any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust. is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (o), or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance or operation of a public cemetery not operated for profit;

[2] (b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

actually made to the annuitants and inured to their exclusive benefit. That they were in point of fact made out of income and not out of corpus can not be controlling. See *Helvering* v. *Pardee, supra.* The legal character of the payments is established by the provision of the will that the corpus might be invaded. We are unable to perceive how the payment of the annuities, which actually lessened the amount ultimately available for distribution to the charitable foundation, can by any stretch of logic or imagination be said to be payments "to be used exclusively for * * * charitable purposes." The income which was used in payment of the annuities was thereby used in fact, and it can not be said in the language of section 162 (a) that it is "to be used" at some future time. Albeit the Congress and the courts agree that gifts to charity should be encouraged, it is equally well established that deductions are a matter of legislative grace and a taxpayer must bring his claim clearly within the permissive provision of the statute. This petitioners have not done. The respondent is sustained.

The second issue presents the same question as that decided by us in *Helen G. Bonfils et al., Executors,* 40 B. T. A. 1079, promulgated this day. There we held that capital gains which pursuant to the will became a part of the corpus and thus subject to the charge of annuities in case the ordinary income of the estate is insufficient to meet such charges, were deductible under section 162 (a), the facts proving that the probability of the invasion of corpus is so remote as to be negligible. Practically the same facts and figures are present in the case at bar as appeared in the estate case and, if anything, they are more favorable to the petitioners. Therefore, such capital gains are deductible from the petitioners' gross income for the taxable years under consideration.

*Decision will be entered under Rule 50.*