FRANK H. MASON TRUST, FIRST CENTRAL TRUST COMPANY, AKRON, OHIO, TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106844. Promulgated July 16, 1942.

*Robert Guinther, Esq.*, for the petitioner.
*W. W. Kerr, Esq.*, for the respondent.

OPINION.

HILL: The Commissioner has determined income tax deficiencies of $1,238, $629.53, and $473 for the taxable years 1937, 1938, and 1939, respectively. The only adjustments were the disallowances in each year of deductions for sums paid to the beneficiaries of a trust. The deductions were claimed by petitioner under section 162 (b) of the Revenue Acts of 1936 and 1938 and the Internal Revenue Code.[1]

The facts as stipulated are adopted as our findings of fact and only those necessary to an understanding of the issue are set forth herein.

The petitioner is the Frank H. Mason Trust, acting through its fiduciary, the First-Central Trust Co., Akron, Ohio, as trustee.

The trust agreement under which the trustee was acting in the taxable year was executed on October 28, 1930, and contains, *inter alia:*

II.

It shall on the first day of each month, beginning on the 1st day of November, 1930, pay out of the income arising from said property hereinbefore described, to the following persons, the following amounts:

To RICHARD P. MASON and CHARLES F. MASON, of Akron, Ohio, brothers of Frank H. Mason, each the sum of TWO HUNDRED FIFTY DOLLARS ($250.00);

To WILLIS H. MASON, of California, brother of said Frank H. Mason, the sum of TWO HUNDRED FIFTY DOLLARS ($250.00);

---

[1] SEC. 162. NET INCOME.

* * * * * * *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

To MARY E. MASON, of Akron, Ohio, sister of said Frank H. Mason, the sum of ONE HUNDRED FIFTY DOLLARS ($150.00) ; and

To CHARLES A. DEXTER, of Pensacola, Florida, brother-in-law of Frank H. Mason, the sum of FOUR HUNDRED DOLLARS ($400.00) ;

which payments shall so continue during the lives of said above-named persons.

Said Trustee shall pay the balance of all of such income derived from the property hereinbefore described, quarterly, to said FRANK H. MASON during the period of his life.

Upon the death of any one or more of said beneficiaries above named, the amounts theretofore paid to such deceased beneficiary or beneficiaries shall be by said Trustee paid, monthly, to said Frank H. Mason.

Upon the death of said Frank H. Mason, said Trustee shall pay any income derived from said property and theretofore being paid to said Frank H. Mason, to FRANK M. RAYMOND and JOHN G. RAYMOND, grandchildren of said Frank H. Mason, in equal amounts.

* * * * * * *

IV.

Said Trustee shall further have the power and authority, if for any reason it shall become necessary because of decreased income from such property, or otherwise, to sell such of said property held by it hereunder as may be necessary to make, promptly, said monthly remittances hereinbefore set forth; it being the purpose of said FRANK H. MASON in creating this trust, to insure, beyond any reasonable question, the payment of such annuities to said brothers and sister and brother-in-law above mentioned throughout their lives.

* * * * * * *

Petitioner did not sell any of the trust assets during the taxable years and there was sufficient income out of which to make all the payments required by the trust instrument.

The amounts of the deductions disallowed by respondent which are referred to above were $15,600, $7,450.67, and $7,800, respectively, for the taxable years. These were the only adjustments made and give rise to our only issue.

Respondent contends that the amounts were annuities payable whether there was sufficient income or not. Therefore, the petitioner is allowed no deduction under section 162 (b) of the applicable revenue acts. He cites and relies upon the following cases, *Helvering* v. *Pardee*, 290 U. S. 365; *Union Trust Co. of Pittsburgh* v. *Commissioner*, 115 Fed. (2d) 86, affirming memorandum opinion of this Board; and *Union Trust Co. of Indianapolis* v. *Commissioner*, 111 Fed. (2d) 60.

Petitioner contends that the wording of the trust instrument directed the trustee to make monthly payments to the named individuals "out of the income arising from said property." Thus, the distributions were "to be distributed currently by the fiduciary to the beneficiaries." Petitioner made all distributions out of the current income. Thus, such distributions come within the express wording and meaning of section 162 (b), which allows the fiduciary a deduction.

Petitioner admits that there are many cases which seem to deny the deduction where there is a right to invade corpus, as in the instant case. However, it attempts to distinguish these cases upon two grounds. The first is that those cases involved bequests, devises, or gifts and "not annuity contracts." The second is that the principal cases arose under the revenue acts prior to the 1932 Act, which for the first time, by section 22 (b) (2), made annuities taxable, and that the court was attempting "to plug the gap" which would allow such income to escape all taxation. *Helvering* v. *Pardee*, *supra*. The change made in the 1932 Act "closed the gap" so that the courts need no longer attempt to judicially do so. Petitioner attempts to distinguish *Burnet* v. *Whitehouse*, 283 U. S. 148, upon the further ground that there the annuity was created by a will and there was no "annuity contract."

In the instant case petitioner contends the payments could not be bequests since at the time the trusts were established the settlor "was in full life", and they could not be gifts in 1937, 1938, and 1939, for the settlor "was long since deceased." Moreover, petitioner contends that by the express provisions of section 22 (b) (2) the income was taxable in the hands of the beneficiaries and now the respondent is attempting to tax it twice by taxing the same income to the petitioner.

No one contends that the payments represented bequests or that they were gifts in 1937, 1938, or 1939. Frank H. Mason made a gift on October 28, 1930, to certain named persons, measured by a designated monthly payment to each of them for life. To provide for such monthly payments Mason on the date named conveyed certain property in trust, empowering and enjoining the trustee to control, manage, and administer the trust property and to make the monthly payments above referred to (a) out of the income from such property to the extent that such income should be available therefor, and (b) out of the trust property itself to the extent of any balance required therefor. It was provided in the trust instrument that the full amount of monthly payments to the donees named therein should be paid in any event, regardless of whether the trust income was sufficient therefor. Property deemed by Mason to be sufficient to assure such payments, either out of trust income or corpus, or both, was irrevocably placed in trust for that purpose. Thus, there was a gift *in praesenti* by Frank H. Mason on October 28, 1930, to the donees named in the trust instrument. The income from the trust property inured to the trust. Its utilization under the provisions of the trust instrument in making the monthly payments to the designated donees was merely in execution of the gift made by Mason on October 28, 1930, and its application to such purpose did not constitute a distribution of income under section 162 (b), *supra*. The donees were not entitled to a distribution

of the trust income as such, but only in discharge, in full or *pro tanto*, of the payments provided for in the trust instrument.

We think it obvious that the trust arrangement for the payments to be made thereunder did not constitute an annuity contract under section 22 (b) (2) of the Revenue Acts of 1936 and 1938. No money or other economic consideration flowed to Frank H. Mason for the gifts evidenced by the trust instrument. Certainly, the trustee had no obligation to pay an annuity. It undertook only to manage the trust property and to make the prescribed payments out of the income or corpus of the trust. For this managerial service the trustee was compensated out of trust funds. There was no purchase of an annuity by or for any one. What the payees received under the trust arrangement was not an annuity in the statutory sense.

Since the donees under the trust did not receive the payments in question either as a distribution of trust income or as a statutory annuity, they had no tax liability in respect thereof and such payments were not deductible by the petitioner in computing its income tax liability.

The payments in question being payable in full at all events and not only if the current income was sufficient therefor, we approve the determination of the respondent. *Helvering* v. *Pardee*, *supra; Union Trust Co. of Pittsburgh* v. *Commissioner*, *supra;* certiorari denied, 312 U. S. 700; *Union Trust Co. of Indianapolis* v. *Commissioner*, *supra; Chase National Bank of the City of New York et al.*, *Executors*, 40 B. T. A. 44; *Equitable Trust Co. et al.*, *Trustees*, 38 B. T. A. 647; cf. *St. Louis Union Trust Co. et al.*, *Trustees*, 40 B. T. A. 165.

*Decision will be entered for respondent.*