**Helen B. ADIE, Plaintiff,**

v.

**Clinton A. CLAUSON, Collector of Internal Revenue for the District of Maine, Defendant.**

**Civ. A. No. 652.**

United States District Court,
D. Maine, S. D.
Feb. 4, 1955.

Edmund O'Callaghan, Donal O'Callaghan, Boston, Mass., for plaintiff.

A. Barr Comstock, Sp. Asst. to the Atty. Gen., Peter Mills, U. S. Atty., Farmington, Me., for defendant.

CLIFFORD, District Judge.

This is an action to recover income taxes duly assessed against and paid by Helen B. Adie, the plaintiff herein, for the calendar year 1943 in the amount of $7,105.08 with interest according to law.

The issue involved is whether or not the sum of $15,952.14 received by the plaintiff in 1943 under the will of Frances Helen Rawson is excludable from her gross income under the applicable statutes and Treasury regulations. The determination of this issue depends upon the intent of the testatrix with regard to the manner in which the property was to be distributed to the plaintiff. And that intention is to be found from an examination of the will as a whole and a comparison of its various parts in the light of the situation and circumstances which surrounded the testatrix when the will was executed.

The facts of this case were stipulated, subject, however, to the right of either party to object to the materiality or relevancy of any such facts and subject to the ruling of the Court on any such objection. After considering the various objections with respect to the admissibility of evidence, raised by counsel for the plaintiff at the pre-trial conference of this case held on April 17, 1953, this Court finds the material facts to be as follows: The plaintiff was a beneficiary under item Third, paragraph seventh of the will of Frances Helen Rawson of Cincinnati, Ohio, who died on January 26, 1933. That item provided as follows:

"*Third:* All the rest and residue of my estate and of every kind and description and wherever situate, I give, devise and bequeath to my brothers Joseph and Edward Rawson and my sister Mary Rawson of Cincinnati, Ohio, as trustees, in trust for the following uses and purposes:

"Said trustees shall, out of the income derived from said estate, pay the various bequests hereinafter set out in the order in which they are named, paying first the bequest first named, paying second the bequest next named, and so continue until all are paid.

"As soon as all of said bequests shall have been fully paid this trust shall be ended, provided that five (5) years have elapsed, for I desire said trustees to hold said property in trust for five years in any event, but if the income of my estate shall pay off all said legacies before the expiration of said five (5) years, then the income thereafter received from said estate shall go to my grand-nieces and grand-nephews, the

children of my niece Carrie Rawson Davis, as provided in Item Fourth paragraph 5th of this will.

"In the event that said bequests shall not have been paid at the end of ten (10) years, then said trustees shall sell sufficient United States bonds to pay the remaining bequests and forthwith wind up the trust.

"Said bequests are as follows:

"1st. To the Childrens Home of Cincinnati the sum of ten thousand ($10,000) dollars.

"2nd. To the Widows and Old Men's home of Cincinnati the sum of ten thousand ($10,000) dollars.

"3rd. To the University of Cincinnati the sum of ten thousand ($10,000) dollars.

"4th. To Vassar College of Poughkeepsie, New York, the sum of ten thousand ($10,000) dollars for a scholarship, to be known as the Frances Helen Rawson Scholarship.

"5th. To Nina F. Rawson, the daughter of Warren and F. D. Rawson of Clifton, Cincinnati, Ohio, the sum of ten thousand ($10,000) dollars.

"6th. To Hobart Rawson, son of Edward and Clara Rawson, now residing at Bay Side, Long Island, New York, the sum of ten thousand ($10,000) dollars.

"7th. To Helen Rawson Bayley, daughter of James C. and Hattie B. Bayley of Boston, Mass., the sum of twenty thousand ($20,000) dollars.

"8th. To Helen Rawson Bryce Barnhart, daughter of Emily S. and J. McD. Bryce of Mt. Pleasant, Westmoreland County, Pa., and wife of William Ralph Barnhart of Wooster, Ohio, the sum of twenty thousand ($20,000) dollars.

"9th. To Pearl Rawson Baker, son of Henry and Amy Baker, now residing at Irving, Illinois, the sum of ten thousand ($10,000) dollars."

The plaintiff is the Helen Rawson Bayley referred to in paragraph 7th of item Third of the will.

The will was probated in the Probate Court, Hamilton County, Ohio. The First National Bank of Cincinnati, Ohio, was appointed executor on June 22, 1933, and the Fifth Third Union Trust Company of Cincinnati was appointed trustee on December 11, 1933. The administration of the estate was concluded on December 31, 1940, on which date all the remaining assets of the total value of some $1,097,-000 were distributed by the executor to the trustee.

On December 28, 1943, the trustee, after deducting the State of Ohio inheritance tax of $1,316, remitted $18,684 to the plaintiff in a lump sum. Pursuant to instructions from the trustee, the plaintiff under protest, reported $15,952.14 in her federal income tax return for 1943 as income received by her for that year. On the same day that she filed said return, the plaintiff filed a claim for refund of the sum of $7,105.08, which was the additional tax caused by the inclusion of the aforesaid amount in her income for 1943. Her claim, based upon the same grounds asserted in the instant case, was duly denied by the Commissioner.

Section 22(b) (3), upon which the plaintiff relies, reads as follows:

"§ 22 [as amended by Sec. 111(a), Revenue Act of 1942, c. 619, 56 Stat. 798] Gross Income. * * *

"(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

* * * * * *

"(3) *Gifts, bequests, devises, and inheritances.* The value of property acquired by gift, bequest, devise, or inheritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if, under the terms of the gift, bequest, devise, or inheritance, *pay-*

*ment, crediting, or distribution thereof is to be made at intervals,* to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise, or inheritance of income from property; \* \* \*" (Emphasis supplied). 26 U.S.C.1946 Ed., § 22.

Prior to the 1942 amendment, Section 22(b) (3) read as follows: " \* \* \* (3) *Gifts, bequests, devises.*—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income); \* \* \*." 53 Stat. 10.

The plaintiff contends that the amount received by her was a lump sum payment, payable in any event, either out of the income or principal of the property held under the trust indenture and therefore excludable from income under section 22(b) (3) of the Code. The Government, on the other hand, contends that the bequest to the plaintiff was to be paid at intervals out of the income of the trust; secondly, that it was a bequest of income from such property; and, thirdly, that the amount received by the plaintiff was income deductible by the fiduciary and taxable to the beneficiary under sections 162(b), (c) or (d) (1).

Although a gift of income from property is included in the beneficiary's gross income upon the provisions of section 22(b) (3), Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897, it was held previous to the 1942 amendment that where a beneficiary received a periodic payment of a sum certain payable, in any event, out of income or principal, the payments were not included in the beneficiary's gross income, even though paid out of income. Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916.

The 1942 amendment, however, changed the Whitehouse rule, but only insofar as it applied to gifts or bequests of periodic payments. The Whitehouse case still applies to lump sum payments to be made in any event out of income or corpus. This is made clear by the House Report which reads, in part, as follows:

"The amendment to section 22(b) (3) however, applies only to such amounts as are to be paid or credited at intervals. Thus, a gift or request of money or property intended to be paid in a lump sum or at one time is not to be included in the legatee's gross income even though the executor may, for reasons of convenience or necessity, arrange to pay such amounts in installments or pay it out of funds traceable as the income of the property." H.Rept.No.2333, 77th Cong., 2d Sess. 1942 p. 68.

And the recent decision, Lindau v. C. I. R., 21 T.C. 911, has so held.

█ Under all of the facts and circumstances of this case, and having in mind that the nine bequests were to be paid in full, seriatim; that seven of the bequests were for $10,000 each and two for $20,000 each; that the total of the bequests ($110,000) was only a relatively small fraction of the estate which had a value of over a million dollars; that the bequests were to be paid not later than ten years from the inception of the trust; that the bequests were to be paid, in any event, out of the accumulated income or the corpus of the trust; that the will did not specify that the bequests should be paid at intervals over a period of years; nor was the trustee barred under the provisions of the will from paying the bequests in more than one installment, this Court is of the opinion that the testatrix intended that the nine bequests should be paid in a lump sum, payable, in any event, out of income or principal of the property held under the trust indenture. Consequently, the amount received by the plaintiff properly should have been excluded from her gross income for 1943 under the authority of sec. 22(b) (3). Lindau v. C. I. R., supra.

In view of this conclusion, it is unnecessary to determine other issues raised by the government with regard to the applicability of sections 162(b), (c), (d) (1).

It is therefore Ordered, Adjudged and Decreed that judgment for the plaintiff

be and hereby is entered against the United States of America in the sum of seven thousand, one hundred five and 08/100 dollars, ($7,105.08), together with interest thereon at the rate of six per cent (6%) per annum from March 15, 1944.