## OLD COLONY TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE. *

## COMMISSIONER OF INTERNAL REVENUE v. OLD COLONY TRUST CO.

### Nos. 3145, 3146.

Circuit Court of Appeals, First Circuit.

Dec. 10, 1936.

*Writ of certiorari granted 57 S. Ct. 611, 81 L. Ed. ——.

MORTON, Circuit Judge, dissenting.

———◆———

Harold S. Davis, of Boston, Mass. (Francis V. Barstow, of Boston, Mass., on the brief), for Old Colony Trust Co.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., on the brief), for the Commissioner.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

■ These cases are brought before this court on petitions filed March 11, 1936, one by the Old Colony Trust Company as trustee (hereinafter referred to as the trustee or taxpayer) under an indenture executed by Paul Wilde Jackson, and a cross-petition filed by the Commissioner of Internal Revenue; each petitioner seeking a review of the decision of the Board of Tax Appeals entered December 13, 1935, determining a deficiency tax against the trustee for the calendar year 1931, of $21,089.77. On petitions for review of decisions of the Board of Tax Appeals, only questions of law are open for consideration by this court.

The question presented by the taxpayer's petition for review and assignments of error is whether the Board of Tax Appeals erred as a matter of law in that its decision is contrary to the stipulation of facts in the case and to its findings of fact, and also erred in finding that a deficiency tax of $21,089.77 was due from the taxpayer. The main question presented by the Commissioner's petition for review and assignments of error is whether the Board of Tax Appeals, in computing the taxable income of the taxpayer for that year, erred in holding that the sum of $2,000.57 was paid by the taxpayer from the gross income of the year 1931 to charitable organizations and not from the corpus of the trust, and that the taxpayer was entitled to a deduction of that amount in determining its taxable income for that year.

The statute determinative of the questions submitted is section 162 of the Revenue Act of 1928 (26 U.S.C.A. § 162 and note), which provides that the net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

"(a) There shall be allowed as a deduction (in lieu of the deduction for charitable, etc., contributions authorized by section 23 (n) [section 23 (o)] any part of the gross income, without limitation, which pursuant to the terms of the will or deed creating the trust, is during the taxable year paid or permanently set aside for the purposes and in the manner specified in section 23 (n) [section 23 (o)], or is to be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance, or operation of a public cemetery not operated for profit."

The deed of trust, after providing for certain legacies and also for the payment of stated annuities to a number of individuals, contained the following provisions:

"13. I *authorize* my said trustees to pay to charities as hereinafter described such sums as in their judgment may be paid without jeopardizing the annuities herein provided for, whenever for a period of one year the trust fund held by them as then invested shall have yielded a net income equal to twice the amount of the annuities which they are then required to pay, and upon the death of the survivor of those

persons, who under the terms of this instrument are to receive annual incomes under the trust hereby created, I *direct* my said trustees to distribute the rest and residue remaining in their hands among corporations and trustees organized, operating and holding exclusively for religious, charitable, scientific, literary or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, the sum paid over by said trustees to such corporations or boards of trustees to be held by such corporations and boards of trustees in trust, and the income thereof to be expended for the general purposes · for which such corporations and boards of trustees are organized, and I request that said funds be designated by each corporation or board of trustees as the Henry Clay Jackson Fund." (Italics supplied.)

These are the only sections of the statute and provisions of the trust deed that it is necessary to consider in disposing of these cases. The government in its brief contends, and we think correctly, that in order for payments to charitable institutions from the income of any particular year to be deductible, they must be directed by the person creating the trust and not be left to the judgment of the fiduciary. Bowers v. Slocum et al. (C.C.A.) 20 F. (2d) 350, 352; Guaranty Trust Co. of New York, Ex'r, v. Commissioner, 31 B.T.A. 19, 22; Charles P. Moorman Home for Women et al. v. United States (D.C.) 42 F.(2d) 257, at pages 260, 261, in which latter case the court said:

"The quoted language of section 219 of the act of 1918 makes it clear that the trust income, to be exempt from taxation as a charitable contribution, must be paid to or permanently set aside during the taxable year for a corporation organized and operated exclusively for charitable purposes, and that such payment or permanent setting aside must be pursuant to the terms of the instrument creating the trust. In other words, the instrument creating the trust must make it clear that it was the intention of the creator of the trust that such income should be paid during the taxable year to the charitable corporation or permanently set aside to it during such taxable year. The statute makes it very clear that it was not the intention of Congress to make the taxability of the income for any taxable year depend upon the discretion of the trustee in paying or permanently setting aside the income of the trust to the charitable purpose during the taxable year, but to depend solely upon the provisions of the instrument creating the trust. * * *

"Section 219(b) of the Revenue Act of 1924 grants the exemption, not only in cases where the income has been paid to or permanently set aside for the charitable purpose during the taxable year, but also in those cases where the income received during the taxable year is to be used exclusively for the charitable purpose. As in the acts of 1918 and 1921, however, the determining factor is the instrument creating the trust, and not the discretion of the trustee. Therefore, under the 1924 act, unless it appears from the instrument creating the trust that the income for which exemption is sought is set aside in the instrument creating the trust exclusively for a charitable purpose, or under the terms of that instrument is ·to be paid during the taxable year or permanently set aside during that year for the charitable purpose, it is not exempt."

Boston Safe Deposit & Trust Co. v. Commissioner (C.C.A.) 66 F.(2d) 179, 183.

Article 862 of Treasury Regulation 74 promulgated under the Revenue Act of 1928, evidently construing section 162 of that act, provides as follows:

"(1) If the terms of the will or of the deed creating the trust direct that any part of the gross income of the estate or trust (a) be paid or permanently set aside for charitable or other purposes, as specified in section 23(n), or (b) be used exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, or for the establishment, acquisition, maintenance, or operation of a public cemetery not operated for profit, such gross income so paid or set aside during the taxable year shall be allowed as a deduction in lieu of the deduction authorized by section 23 (n)."

The same rule is applied in determining estate taxes in case of bequests to charitable institutions. If the bequests in the will are specific, that is, to some named charitable institutions, the bequest is exempt from the estate tax; but if the gift is left to the discretion of a fiduciary under the terms of the will, it is held to be taxable. Helvering v. Pardee, 290 U.S. 370, 371, 54 S.Ct. 221, 78 L.Ed. 365; Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75

L.Ed. 916, 73 A.L.R. 1534; Mississippi Valley Trust Co. v. Commissioner (C.C.A.) 72 F.(2d) 197.

Unless 'the trust instrument, therefore, unqualifiedly requires a distribution of the income of any year to charitable institutions, a deduction of the amount of such distribution is not permissible in computing the income tax for that year. State Savings Loan & Trust Co. v. Commissioner (C.C.A.) 63 F.(2d) 482. Distribution by a fiduciary in its discretion under authority vested in him in the trust deed does not entitle the taxpayer to a deduction from the gross income of any year.

■ Applying this principle to section 13 of the deed of trust, the trustor first *authorized* the trustees to pay to charitable institutions such sums as in their judgment may be paid without jeopardizing the annuities therein provided for, and whenever for a period of one year the trust fund held by them as then invested shall have yielded a net income equal to twice the amount of the annuities which they are required to pay. It is evident from this language that the surviving trustee is not directed by the deed of trust to make any payments to charitable institutions until the death of the last survivor of the annuitants. It may, however, if in the judgment of the trustee the annuities are not jeopardized, make advance payments to charitable institutions under the authority given it in paragraph 13 of the deed of trust, either from the corpus of the trust or from what the trustee terms "accumulated income" of past years, or from income of the current year; but any payments to charities from the current income of any year, merely by virtue of the authority vested in the trustee under the deed of trust, are not directed by the 'trustor and are not deductible from the gross income of the year in which the payments are made in computing the income tax for that year.

■ While the beneficent purpose of Congress in exempting payments to charitable organizations from taxation is well recognized, an exemption, even of this nature, must be clearly authorized by Congress. Sun-Herald Corp. v. Duggan (C.C.A.) 73 F.(2d) 298, 300.

The Board of Tax Appeals found that the sum of $2,000.57 was paid from the income of 1931 to charitable institutions and was deductible in determining the income tax of that year. The Commissioner contends that this sum was paid from the corpus of the trust and that the entire income of 1931, with the usual deductions allowed to an individual, is subject to an income tax.

According to the findings of the Board of Tax Appeals, the Commissioner was wrong in contending that this amount was paid from the corpus of the trust. From the stipulation of facts the Board was right in holding that it was paid from income. However, under our construction of the statutes and the deed of trust, it makes no difference in computing the tax from what source it was taken, since it was not *directed* to be paid to charities by the trustor under the deed of trust.

Nor can it be held that any part of the income for the year 1931 was, by direction of the trustor in the deed of trust, set aside permanently for charities, or to be so used, since it might at any time be used for payments to charities in the discretion of the trustee whenever the income for any one year equaled twice the amount due the annuitants for that year. Under the deed of trust it was not until the last survivor of those entitled to receive income thereunder had died that the trustee can be said to have been directed to distribute to charities any part of the trust' fund or income thereof remaining in the hands of the trustee.

It is therefore held that no part of the gross income for the year 1931 was, under the deed of trust by direction of the trustor, paid or permanently set aside, or was to be used for distribution to charities; and the Board erred in deducting the sum of $2,000.57 from the gross income in computing the income tax of the trust for that year. Upon this record the amount of the tax as computed by the Commissioner in the first instance was correct, even though he erred as to the source of the payment of $2,000.57.

The cases are remanded to the Board of Tax Appeals for further proceedings in accordance with this opinion.

MORTON, Circuit Judge (dissenting).

The statute allows as a deduction "*any part of the gross income * * * which pursuant to the terms of the will or deed creating the trust*" *is paid* to charities as defined by the act. In the present case the deed of trust expressly *authorized* the trustee to pay to charities "such sums" (not necessarily income) as in its judgment

might be so paid without jeopardizing certain specified annuities, and directed that on the termination of the annuities the entire fund should be so paid. Under this provision the trustees made payments to certain proper charities.

The question is whether these payments are deductible from the income of the trust. It is a very narrow question, depending on what is meant by the statutory expression, *"pursuant to the terms of the will or deed."* The Board of Tax Appeals held that these words covered only payments absolutely *directed* or *required* to be made by the will or deed in question.

I think this construction unduly narrows the statute. "Language used in tax statutes should be read in the ordinary and natural sense." Helvering, Commissioner, v. San Joaquin Fruit & Inv. Co., 297 U.S. 496, 499, 56 S.Ct. 569, 570, 80 L.Ed. 824. "Pursuant to" is by no means the equivalent of *directed* or *required.*. Its common synonyms are *"under," "in accordance with,"* or *"authorized by."* The phrase as used in this statute seems not to have been judicially defined except in Charles P. Moorman Home for Women v. United States, 42 F.(2d) 257, a District Court case which is followed in the majority opinion. In other statutes, and in indictments, it has always been given its natural meaning. As used in an old English statute, it was held to cover anything done in good faith, "either under the powers which the Act gives or in the discharge of the duties which it imposes." Smith v. Shaw, 10 B. & C. (Eng.) 277. See, too, Hermann v. Seneschal, 13 C.B.(N.S.) 392. "Pursuant to law," used in United States Revised Statutes, § 848 (28 U.S.C.A. § 601), has also been given a broad construction. Hanchett v. Humphrey (C.C.) 93 F. 895, 896; United States v. Sanborn, 28 F. 299, 302 (C.C.Mass.), reversed on other grounds. United States v. Nunnemacher, Fed.Cas. No. 15,903, 7 Biss.(U.S.) 129, 137, and United States v. Boyden, Fed.Cas.No.14,632, 1 Lowell (U.S.) 266, show how the phrase has been construed in indictments. See, also, Quarles v. Robinson, 2 Pin. (Wis.) 97, 99.

The interpretation placed upon the statute in the majority opinion seems to me to be completely at variance with the ordinary understanding of the phrase used and with the long-recognized judicial interpretation of it. It is well settled that provisions in favor of charities should receive, as against the government, a liberal interpretation in order to encourage such gifts. This purpose is certainly not furthered by straining the language of the act, so as to refuse the deduction on payments to charity authorized by a will or deed to be made if certain facts exist; the determination as to the required facts being left to the discretion of trustees. The decisions relied on in the majority opinion relate to other statutes, not containing the phrase in question, and to essentially different questions and facts. They do not seem to me significant on the present question, except perhaps the observation in Burnet v. Whitehouse, 283 U.S. 148 at page 151, 51 S.Ct. 374, 376, 75 L.Ed. 916, 73 A.L.R. 1534, that, "The exemption * * * is plain, and should not be destroyed by any strained construction of general language," etc. McReynolds, J. Under this statute I think that any payment to charity as therein defined which is authorized by the will or deed is an allowable deduction.