W. C. KNOERNSCHILD ET AL., EXECUTORS, ESTATE OF CHARLES KNOERNSCHILD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50278. Promulgated April 16, 1937.

*Ernst von Briesen, Esq.*, and *J. H. Van Koert, C. P. A.*, for the petitioners.

*Dean P. Kimball, Esq.*, and *Warren W. Cole, Esq.*, for the respondent.

OPINION.

SMITH: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $11,245.78. The petition alleges the following errors on the part of the respondent in the determination of the deficiency:

(1) The failure to allow as a deduction from the gross estate the amount of a bequest to the Holy Angels Academy of the city of Milwaukee, Wisconsin, a corporation organized exclusively for religious, charitable, and educational purposes, no part of the net earnings of which inures to the benefit of any private stockholder or individual.

(2) The failure to credit the amount of tax determined as a deficiency with the amount of inheritance tax paid to the State of Wisconsin in respect of property included in the gross estate in an amount not to exceed 80 per centum of the tax imposed.

The parties have filed the following stipulation of facts.

1. Charles Knoernschild died on June 9, 1927 at the age of seventy-one (71) years.

2. He left a Will (Exhibit I), which Will was duly admitted to probate in the County Court of Milwaukee County, and William C. Knoernschild, Hugo J. Knoernschild and Robert J. Schaefer qualified as executors and trustees. Said estate was closed in the County Court of Milwaukee County on the 18th day of June, 1931, and on said date Letters of Trust issued to William C. Knoernschild, Hugo J. Knoernschild and Robert J. Schaefer, who are now still acting as qualified trustees.

3. That the Final Decree (Exhibit II) showed a net distribution of One Hundred Twenty-three Thousand, Eight Hundred Eighteen and 35/100 ($123,-818.35) Dollars to each of four of the children of Charles Knoernschild, the same amount to William C. Knoernschild, et al., "as trustees under Clause Sixth (5)," and the same amount in trust for the benefit of Paul C. Knoernschild, another son. That in addition to this amount each child received the sum of Nine Thousand Three Hundred Ninety-one and 06/100 ($9,391.06) Dollars life insurance, which was paid directly to the child as beneficiary under the policies and not as part of the estate.

4. The claim for deduction is limited to One Hundred Fourteen Thousand, Nine Hundred Twenty-three and 48/100 ($114,923.48) Dollars.

5. That Charles Knoernschild left no other child or any child or children of any predeceased child, except Sister Mary Virginita.

6. That the ages of these children as of the date of the death of Charles Knoernschild were as follows:

William C. Knoernschild, aged forty-five (45) years,
Hugo J. Knoernschild, aged thirty-seven (37) years,
Katherine Schaefer, aged forty-three (43) years,
Amalie Schoetz, aged forty-one (41) years,
Paul C. Knoernschild, aged forty (40) years, and
Sister Mary Virginita, aged thirty-nine (39) years.

7. That the wife of Charles Knoernschild had predeceased him.

8. That the Holy Angels Academy is a Catholic religious and educational institution operating an academy for girls in the City of Milwaukee and is exempt from the tax under Section 403 (a) (3). That the annual reports of William C. Knoernschild, et al., "as trustee under Clause Sixth (5)", as filed in the County Court of Milwaukee County show the following payments to Holy Angels Academy and show that no payments of any kind were made to any of the children of Charles Knoernschild;

| 1930 | $18,761.56 | 1933 | $2,750.00 |
| 1931 | 13,350.00 | 1934 | 5,700.00 |
| 1932 | 4,527.25 | 1935 | 3,900.00 |

9. That a certificate has been issued by John Schlehlein, Jr., Register of Probate in the County Court of Milwaukee County, that the total amount of inheritance tax paid to the State of Wisconsin was Twenty-five Thousand, Five Hundred Seventy-four and 31/100 ($25,574.31) Dollars and that no refund of any such taxes or any part thereof has been made or authorized and no

claim is pending. That the inheritance tax paid to the State of Wisconsin was upon the identical property as covered by the Federal Estate Return to the Internal Revenue Collector in this case.

10. That the taxpayer is entitled to the eighty per cent. (80%) credit provided by Section 301 (b) against the amount of any part of the deficiency that may be asserted.

Item 4 (b) (5) of the decedent's will provides as follows:

The share which would go to my daughter Marie, who is now in the Sisterhood and who is known by the name of Sister Mary Virginita, shall be paid, upon her death, to the Holy Angels Academy of the City of Milwaukee, or if deemed advisable by my executors and/or trustees may be paid before her death to the Holy Angels Academy, but it shall be the privilege of my daughter Marie to direct said trustees to pay from said fund any part of the income or principal as my daughter may in her judgment see fit for the purpose of providing for her mother or any of her brothers or sisters in case they are in need of financial assistance.

Section 303 (a) (3) of the Revenue Act of 1926 provides for the deduction from the gross estate of bequests to institutions such as the Holy Angels Academy of Milwaukee. Article 47 of Regulations 70, promulgated under the provisions of the Revenue Act of 1926, and in effect in 1927, provides in part as follows: ·

Where the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, * * * deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power.

Charitable bequests are favorites of the law, *St. Louis Union Trust Co.* v. *Burnet*, 59 Fed. (2d) 922, and are expressly encouraged by the statute. *Edwards* v. *Slocum*, 264 U. S. 261.

Contingent bequests to charity are not legal deductions from the gross estate. *Humes* v. *United States*, 276 U. S. 487; *Kahn* v. *Bowers*, U. S. Dist. Ct., N. Y., Feb. 1926; affirmed per curiam (C. C. A., 2d Cir.), 9 Fed. (2d) 1018; *Gertrude Hemler Tracy et al., Trustees*, 30 B. T. A. 1156; *Philip W. Blood et al., Executors*, 22 B. T. A. 1000. Cf. *Old Colony Trust Co.* v. *Commissioner* (C. C. A., 1st Cir.), 87 Fed. (2d) 131.

It is the contention of the petitioners herein that the decedent bequeathed a fund to the Holy Angels Academy, which admittedly is a religious institution, to which bequests absolutely made are deductible from the gross estate of the decedent. The petitioners contend that under the facts which obtain in this case the possibility that the fund would be invaded for the purpose of rendering financial assistance to the daughter Marie's brothers and sisters is so remote that it may be ignored; that each of the brothers and sisters received upon the distribution of the estate $123,818.35 and, in addition, received on life insurance policies upon the life of the decedent,

$9,391.06. It is claimed that these distributions to the brothers and sisters are in such large amounts that there is no likelihood that Marie would ever have occasion to divert to them a part of the share over which she had the power of diversion and, furthermore, that distributions have been made from the fund either of income or of principal to the Holy Angels Academy during the years 1930 to 1935, inclusive.

The petitioners site in support of their contentions *Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *Marion M. Jackson, Executor*, 18 B. T. A. 875; *E. H. Hallett et al., Executors*, 29 B. T. A. 494; *First National Bank of Birmingham* v. *Snead*, 24 Fed. (2d) 186; *Lucas* v. *Mercantile Trust Co.*, 43 Fed. (2d) 39. In *Philip W. Blood et al., Executors, supra,* we said:

It is to be noted in the present proceeding that there is no basis laid down by which it may be determined whether the residuary estate will be invaded for the purpose of making payments to the beneficiary, the decedent's widow. The latter is left entirely to the discretion of the trustees. Under the will the trustees are authorized:

"* * * whenever they deem it necessary or desirable for the maintenance or comfort of my said wife, to pay over to or use for the benefit of my said wife, from time to time, such part (or even the whole) of the principal fund of this trust as to my said trustees seems wise."

The facts in this case are substantially different from those which obtained in *Ithaca Trust Co.* v. *United States, supra,* upon which the petitioners rely. In that case the decedent had given the residue of his estate to his wife for life with authority to use from the principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." The Supreme Court observed—

"* * * The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. It was not left to the widow's discretion. The income of the estate at the death of the testator and even after debts and specific legacies had been paid was more than sufficient to maintain the widow as required. * * *"

Here the evidence does not show the income of the decedent's widow or how much the trustees might consider necessary or desirable for her maintenance or comfort. The matter was left entirely to the discretion of the trustees. Whether the charities would receive anything from the residuary estate was entirely contingent upon the action which might be taken by them. Contingent bequests to charity are not a legal deduction from the gross estate. *Humes* v. *United States*, 276 U. S. 487. The contention of respondent upon this point is sustained.

For reasons therein stated we are of the opinion that the case of *Ithaca Trust Co.* v. *United States, supra,* is not decisive of the issue here involved. The cases of *Marion M. Jackson, Executor, supra,* and *E. H. Hallett et al., Executors, supra,* involved facts materially different from those which obtain in this proceeding. The facts here are more nearly those which obtained in the *Blood* case.

The will of the decedent made no absolute bequest to the Holy Angels Academy. Neither does it contain any standard for the determination of how much of the income and the principal could be diverted by the daughter Marie from the Holy Angels Academy. So far as anything is in evidence to the contrary, the daughter Marie could have diverted all of the income and all of the principal from the Holy Angels Academy to her brothers and sisters. "Need of financial assistance" affords no criterion for determining what part, if any, of the whole of the income and principal could be thus diverted. As stated by the Circuit Court of Appeals for the First Circuit in *Old Colony Trust Co.* v. *Commissioner, supra:*

* * * If the bequests in the will are specific, that is, to some named charitable institutions, the bequest is exempt from the estate tax, but if the gift is left to the discretion of a fiduciary under the terms of the will, it is held to be taxable. *Helvering* v. *Pardee*, Case No. 77, 290 U. S. 365, 370–1; *Burnet* v. *Whitehouse*, 283 U. S. 148; *Mississippi Valley Trust Co.* v. *Commissioner*, 72 Fed. (2d) 197.

Since the decedent made no absolute bequest to Holy Angels Academy, and since the Board is unable to determine what, if any, portion of the fund set up representing the daughter Marie's share of the estate will ever go to the Holy Angels Academy, it is held that no part of the fund is a legal deduction from the gross estate.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*