SADA G. WILSON BLAKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89109.   Promulgated April 19, 1939.

*Ralph E. Smith, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petitioner contends that all depreciation allowable in respect of the trust corpus should be allowed as deductions from her portion of the trust income, rather than allocated among all the income beneficiaries of the trust. The applicable statutory provisions are section 23 (k) of the Revenue Act of 1932 and section 23 (1) of the Revenue Act of 1934. Both provide:

In the case of property held in trust the allowable deduction [for depreciation] shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each.

The instrument creating the trust in this case contains no provision for apportionment of deductions between beneficiaries and trustees, and it appears that none of the income goes to the trustee, as the will provides for distribution of all of the income to beneficiaries. Petitioner does not claim that any depreciation is allowable to the trustees. It is conceded by the petitioner that the beneficiaries designated in the will are beneficiaries of income as distinguished from annuitants. Cf. *Irwin* v. *Gavit*, 268 U. S. 161, and *Burnet* v. *Whitehouse*, 283 U. S. 148. They are, therefore, "income beneficiaries" as the quoted statute uses that term.

The statute, as far as pertinent here, allows depreciation deductions to the income beneficiaries and the trustee "on the basis of the trust income allocable to each." Eliminating the trustees from consideration, as they received no income, the statute then quite plainly provides that depreciation deductions are allowable to the income beneficiaries on the basis of the trust income allocable to each of such beneficiaries. Where there is only one income beneficiary, and no provision for apportionment of income to the trustee, we have held that such beneficiary is entitled to depreciation deductions even though there is no income from the trust property. *Sue Carol*, 30 B. T. A. 443. In the *Carol* case, after reviewing the legislative history of section 23 (k) of the Revenue Act of 1928, which is the same as the provisions here under consideration, we said:

From the legislative history above set forth, it is clear that Congress intended to grant to both life tenants and beneficiaries under trust instruments the same privilege of deducting the depreciation allowance as that enjoyed by any other individual. The allowance to the income beneficiary, however, was subject to any specific provision relating thereto which might be contained in the

trust instrument, or, lacking any such provision, to any division of trust income designated therein. The section has no other limitations whatever to the income beneficiary's right to the depreciation allowance.

There is nothing in the statute, nor in the opinion in the *Carol* case, upon which to base the exclusion of any income beneficiary from a proportionate share of the allowable deduction for depreciation. Each beneficiary has a substantial interest in the property. *Blair* v. *Commissioner*, 300 U. S. 5. Where it is intended to allow a deduction to the owners of any particular interest, the statute has provided therefor. Thus, it is provided that in the case of a life tenancy with remainder over, depreciation is to be allowed to the life tenant. No similar provision is made in the provisions relating to income beneficiaries. Each of the beneficiaries named in the will, including this petitioner, is an income beneficiary and, as we read the statute, each is entitled to a portion of the depreciation deduction allowable based on the income allocable to each. The Commissioner is sustained.

*Decision will be entered for the respondent.*